TERRY *v.* WARDEN OF MARYLAND
PENITENTIARY

[App. No. 120, September Term, 1965.]

*Decided July 25, 1966.*

Before the entire Court.

MARBURY, J., delivered the opinion of the Court.

Petitioner Ernest R. Terry was convicted of robbery with a deadly weapon by Judge Harold Grady, sitting without a jury, in the Criminal Court of Baltimore, and was sentenced to serve ten years in the Maryland Penitentiary. We affirmed that conviction on July 16, 1965, in *Hopkins and Terry v. State,* 239 Md. 517, 211 A. 2d 831. On September 20, 1965, Terry filed his first petition under the Uniform Post Conviction Procedure Act and relief was denied by Judge Dulany Foster on November 5, 1965. No application for leave to appeal was taken from this denial, but on November 16, 1965, the petitioner filed the present petition in which he reiterated all the allegations raised in the first petition but added an allegation that his indictment and conviction based thereon were void due to the decision of this Court in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475, wherein it was held that the provisions of Article 36 of the Maryland Declaration of Rights, which required that grand and petit jurors evidence a belief in the existence of God, were in violation of the Fourteenth Amendment of the Federal Constitution. In his order dismissing the petition, Judge Anselm Sodaro ruled that the judgment in Terry's case became final as of July 16, 1965, and that the *Schowgurow* decision afforded Terry no basis for Post Conviction relief because the language in that case was explicit in reference to its application only to cases which were not final as of the date of that decision—October 11, 1965. For the reasons stated below we do not think that the judgment and sentence in Terry's case was final as of the date of the *Schowgurow* decision and thus leave to appeal must be granted.

In the case of *Linkletter v. Walker,* 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 (1965), the issue before the Supreme

612

Court was whether the principle (as to exclusion in state courts of illegally seized evidence) enunciated in *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961), applied to state court convictions which had become *final* before rendition of the *Mapp* decision. In the course of an opinion in which it was held that the principle did not apply retrospectively, Justice Clark, speaking for the seven member majority of the Court, defined the word "final" in this manner: "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in *Mapp v. Ohio*." (381 U. S. 618, 622, 85 S. Ct. 1734, fn. 5). See also *Johnson v. New Jersey*, 384 U. S. 719, where a similar definition of the word final was recognized in the body of the opinion. Thus the Supreme Court has defined finality as denoting the point of time when the courts are powerless to provide a remedy for the defendant on direct review, and that was precisely the sense in which the word "final" was used in *Schowgurow* when, following the reasoning in *Linkletter, supra,* we held (at page 132 of 240 Md.) that "the legal principle enunciated in this case shall not apply retroactively, except for convictions which have not become *final* before rendition of this opinion." (Emphasis added.) In *Hays and Wainwright v. State*, 240 Md. 482-84, 214 A. 2d 573 (1965), we expressly adopted the definition of finality set forth in *Linkletter* and held that convictions, appeals from which were pending at the time of *Schowgurow*, were not final.

After our decision in *Hopkins and Terry v. State, supra,* on July 16, 1965, the petitioner had ninety days in which to petition the Supreme Court for certiorari (see 28 U.S.C. Sec. 2101 (d) ; rule 22, Rules of the United States Supreme Court), and thus at the date of the *Schowgurow* decision petitioner Terry still had three days remaining before the judgment against him became final. Although Terry never petitioned the Supreme Court for certiorari this would not affect the applicability as to him of the principle enunciated in *Schowgurow*, since the test is not whether the case is final as of the date he seeks relief, but whether his conviction was final at the time the *Schowgurow* decision was rendered.

In a memorandum which was submitted by the Attorney General, it was pointed out that the petitioner did not comply with Maryland Rule BK46 b, since he failed to file with his application to this Court a statement of the reasons why the lower court's order should be reversed. *Under the circumstances of this particular case,* where the grounds for leave to appeal are so readily apparent and where a present denial would only serve to delay the relief to which the petitioner is unquestionably entitled, we do not think that this deficiency is fatal.

> *Application for leave to appeal granted and case remanded for further proceedings in conformity with this opinion.*