### STROSNIDER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 90, September Term, 1965.]

*Decided February 15, 1967.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-HEIMER and BARNES, JJ.

PER CURIAM.

Petitioner has applied for leave to appeal from the denial of post conviction relief by Judge E. Mackall Childs in the Circuit Court for Anne Arundel County on August 30, 1965, following a hearing on remand by this Court in *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854 (1962). In that case, we ruled that the lower court should determine factual questions raised by the petitioner, alleging perjured police testimony and suppression of evidence by the State. The court below (O. Bowie Duckett, J.) was affirmed in its rulings on all other points, for the reasons stated in *Strosnider v. State, supra.*

On remand, interrogatories were filed by the State, demanding particulars of the petitioner's allegations. The petitioner answered, setting forth 19 alleged instances of perjury and nine alleged instances of suppression. All of these alleged errors were considered by Judge Childs and denied in a thorough opinion. After carefully reading the trial transcript, we fully agree with Judge Childs' rulings as to each allegation of perjury and suppression of evidence. With respect to these matters, we adopt his opinion, a copy of which has been filed with this opinion.

694

In this application, however, the petitioner also raises additional grounds for relief. We believe these new allegations likewise lack merit.

## I.

Petitioner claims that his confession was obtained in violation of his rights, under the Sixth and Fourteenth Amendments, to be advised of his right to counsel and of his right to remain silent. He also maintains that, under all the circumstances of his detention, his confession was coerced.

Both of these contentions were raised at the petitioner's trial; the trial court, after hearing testimony at great length, held the confession voluntary and admissible. The petitioner failed to take a timely direct appeal from his conviction and sentence, nor did he raise these contentions in his first petition for post conviction relief. Under these circumstances, we hold that the allegations are waived and, therefore, not open to collateral attack. In so ruling, we apply the test prescribed by the Legislature in Article 27A, sec. 645A(c) (Supp. 1965), insuring that our procedural rules do not unduly impede the hearing of federal constitutional claims in the courts of this State. The petitioner, who had counsel appointed for him, presented no circumstances whatsoever to rebut the presumption that his failure to follow state procedures—designed for an orderly presentation of his contentions—was not knowingly and intelligently made. We believe Judge Childs was correct in not ruling on these alleged errors. Article 27, sec. 645A(a).

Even assuming the police had failed to advise petitioner that he had a right to counsel, the decisions of the United States Supreme Court in *Miranda v. Arizona,* 384 U. S. 436 (1966) and *Escobedo v. Illinois,* 378 U. S. 478 (1964) would not be valid grounds for relief in this case. Strosnider's conviction became "final" in 1956, long before these decisions were rendered. They have been held not to apply retrospectively. *Johnson v. New Jersey,* 384 U. S. 719 (1966) ; *Hyde v. State,* 240 Md. 661, 215 A. 2d 145 (1965). "Final" has been defined as "the point of time when the courts are powerless to provide a remedy on direct review." *Terry v. Warden,* 243 Md. 610, 221 A. 2d 691 (1966).

## II.

Petitioner claims he was denied a speedy remand hearing. A "motion for speedy trial" was filed on May 6, 1965, but Judge Childs never ruled on it. The post conviction hearing was held on August 2, 1965.

We need not consider whether or not the Constitutional provisions for a speedy trial in criminal cases, Article 21, Declaration of Rights, is applicable to hearings for post conviction relief because Maryland Rule BK 44(b), relating to post conviction procedure, provides: "The hearing shall be held as soon as possible after all pleadings required or allowed by this Subtitle or the court are filed."

The last pleading in petitioner's remand hearing was filed on November 9, 1964. Soon thereafter, however, petitioner's court appointed counsel was permitted to strike his appearance because he was appointed to the Bench. New counsel was appointed on January 14, 1965. In April, the case was docketed for hearing on July 12, 1965, but was postponed until August 2, 1965, since one of the petitioner's witnesses could not appear on the date originally set. Remembering that even the Constitutional right to a speedy trial is relative, *State v. Murdock*, 235 Md. 116, 200 A. 2d 666 (1964), we think that petitioner's remand hearing was held "as soon as possible," giving reasonable consideration to the orderly expedition of the court calendar and the time necessary to permit the State to prepare for trial. The court's failure to rule on the motion was not prejudicial.

## III.

Petitioner's final contention is that Judge Childs denied him the right to question his witnesses and the State's witnesses. Whether a defendant can participate in the conduct of his case when represented by counsel was a question expressly left open in *McCloskey v. Director*, 245 Md. 497, 226 A. 2d 534 (1967).

Courts in this country are in almost unanimous agreement that where a party is represented by counsel, he is not entitled, "as a matter of right" to examine witnesses or otherwise participate in the conduct of his trial. See cases cited, Annotation, 77 A.L.R.2d 1233, 1241-46. The matter is within the discre-

tion of the judge, and we perceive no abuse of that discretion in this case.

*Application denied.*