VAN BUREN MAULDIN *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 9, Initial Term, 1967.]

*Decided March 1, 1967.*

40

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ANDERSON, J., delivered the opinion of the Court.

The petitioner, Van Buren Mauldin, was convicted by a jury of manslaughter by automobile in the Criminal Court of Baltimore on September 25, 1964, Judge Prendergast presiding, and sentenced to three years in the Maryland House of Correction. He had previously been convicted on July 18, 1964 in the Municipal Court of Baltimore City on traffic charges, the chief of which was drunken driving, and received a sentence of fifteen months in the Maryland House of Correction. All of the charges arose out of a fatal accident which occurred on July 2, 1964 when the petitioner's car collided with another vehicle causing the death of a passenger in the motor vehicle which his car struck. He was represented in both cases by counsel of his choice. On October 5, 1964, he noted an appeal to the Court of Appeals of Maryland from his conviction on the manslaughter charge, and Judge Prendergast appointed counsel of his own selection to represent him. His conviction was affirmed by the Court of Appeals on July 30, 1965. *Mauldin v. State*, 239 Md. 592. He had previously taken an appeal from his traffic convictions, which had been dismissed by petition.

On September 15, 1965, he filed a petition under the Uniform Post Conviction Procedure Act, under which he raised the following contentions: (1) petitioner was denied the assistance of counsel at critical stages of the proceedings; (2) petitioner's trial attorney was inadequate; (3) petitioner was convicted on evidence which was equally as consistent with innocence as with guilt; (4) petitioner's rights guaranteed by the Fifth Amendment, regarding self-incrimination, were violated; (5) and for such other and further grounds as will be urged at the hearing on petition. Upon the filing of his petition, counsel was appointed for him, and at the hearing before Judge Carter in the lower court, he raised as a further contention: (6) that the Grand Jury which presented indictments against him was an illegally constituted Grand Jury, and under the *Schowgurow* decision he feels his case has not yet reached final adjudication.

A full evidentiary hearing was held before Judge Carter on

November 22, 1965, and on February 15, 1966, Judge Carter filed a comprehensive opinion denying the relief sought.

The applicant, Van Buren Mauldin, has filed an application for leave to appeal from Judge Carter's decision in the Criminal Court of Baltimore, in accordance with Rule BK 46 a. The notice of appeal is dated March 11, 1966, and was filed March 16, 1966, and would be within thirty days from the passage of the order appealed from.

In his application for leave to appeal he fails to state any reasons why the order of the lower court should be reversed or modified, as required by Rule BK 46 b, and his application could be denied for that reason alone. *Jones v. Warden,* 241 Md. 728. However, in view of the decision of the Court of Appeals in *Terry v. Warden,* 243 Md. 610, the Court will consider the applicant's sixth contention, which his counsel raised at the hearing in the lower court. His sixth contention that the applicant was indicted by an illegally constituted Grand Jury was undoubtedly inspired by the decision in *Schowgurow v. State,* 240 Md. 121, wherein it was held that requiring the belief in God as a qualification for service as a grand (as well as a petit) juror was unconstitutional. However, as pointed out in *Waller v. Director,* 244 Md. 229, 232, *Schowgurow* also held that a challenge to the composition of a grand jury, except as to a conviction which had not become final before October 11, 1965, would not be applied retroactively.

The rule establishing the date of finality was laid down in *Terry v. Warden,* 243 Md. 610, where the Court of Appeals of Maryland adopted the definition of finality as set forth in *Linkletter v. Walker,* 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 (1965), where the Court speaking through Justice Clark defined the word "final" in this manner: "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in *Mapp v. Ohio.*" (381 U. S. 618, 85 S. Ct. 1734, fn. 5).

In *Terry v. Warden,* at page 612, the Court of Appeals went on to say: "After our decision in *Hopkins and Terry v. State, supra,* on July 16, 1965, the petitioner had ninety days in which to petition the Supreme Court for certiorari (See 28 U.S.C.

Sec. 2101 (d) ; rule 22, Rules of the United States Supreme Court), and thus at the date of the *Schowgurow* decision petitioner Terry still had three days remaining before the judgment against him became final. Although Terry never petitioned the Supreme Court for certiorari this would not affect the applicability as to him of the principle enunciated in *Schowgurow,* since the test is not whether the case is final as of the date he seeks relief, but whether his conviction was final at the time the *Schowgurow* decision was rendered."

The facts here are identical with those in *Terry.* The Court of Appeals rendered its decision in *Mauldin v. State, supra,* on July 30, 1965. Therefore, the petitioner Mauldin had ninety days in which to petition the Court for certiorari (See 28 U.S.C. Sec. 2101 (d), rule 22, Rules of the United States Supreme Court), and at the time of the *Schowgurow* decision, petitioner had seventeen days remaining before the judgment against him became final. He filed his petition under the Uniform Post Conviction Procedure Act on September 15, 1965, and the hearing was held before the lower court on November 22, 1965. The date of the *Schowgurow* decision by the Court of Appeals was October 11, 1965.

In his order dismissing the petition, Judge Carter ruled that the judgment of the Court of Appeals in *Mauldin v. State, supra,* became final as of July 30, 1965, and that the *Schowgurow* decision afforded Mauldin no basis for Post Conviction relief because the language in that case was explicit in reference to its application only to cases which were not final as of the date of that decision—October 11, 1965.

For the reasons set forth in *Terry v. Warden, supra,* we find that the judgment and sentence in Mauldin's case was not final as of the date of the *Schowgurow* decision and thus leave to appeal must be granted.

> *Application for leave to appeal granted and case remanded for further proceedings in conformity with this opinion.*