## HENRY GRAHAM v. WARDEN, MARYLAND PENITENTIARY

[No. 38, September Term, 1967.]

*Decided November 15, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of relief under the Uniform Post Conviction Procedure Act by order of March 17, 1967 of the Circuit Court for Wicomico County, Judge William W. Travers, presiding.

The applicant was convicted by a jury in Wicomico County of murder in the first degree without capital punishment and on September 25, 1964 was sentenced to life imprisonment. The

judgment was affirmed by the Court of Appeals on July 28, 1965. *Graham v. State,* 239 Md. 521.

In his petition for relief the applicant alleged, among other allegations, that the members of the grand jury which indicted him and the petit jury which tried him were unconstitutionally required to take an oath that they believed in God. In *Schowgurow v. State,* 240 Md. 121, 131, the Court of Appeals said:

> "Under the decision of the Supreme Court in *Torcaso* [*Torcaso v. Watkins,* 367 U. S. 488 (1961)], we are constrained to hold that the provisions of the Maryland Constitution requiring demonstration of belief in God as a qualification for service as a grand or petit juror are in violation of the Fourteenth Amendment, and that any requirement of an oath as to such belief, or inquiry of prospective jurors, oral or written, as to whether they believe in a Supreme Being, is unconstitutional."

It further held that "The resulting danger of abuse, under the decisions of the Supreme Court, at the least, puts the burden upon the State to show that there was no exclusion or discrimination." The legal principle enunciated by *Schowgurow* was, by the decision, not to be applied retroactively, "except for convictions which have not become final before the rendition of this opinion," page 132.

In the memorandum accompanying the order in this case, the lower court held that the applicant's conviction was final as of the date of the decision in *Schowgurow.* We do not agree. After the decision of the Court of Appeals affirming the applicant's conviction, he had ninety days in which to petition the Supreme Court for certiorari (see 28 U. S. C. § 2101 d; rule 22, Rules of the United States Supreme Court) and thus at the date of the *Schowgurow* decision, the applicant still had over two weeks before the judgment against him became final. The fact that he did not petition the Supreme Court for certiorari is immaterial. See *Terry v. Warden,* 243 Md. 610; *Ross v. Warden,* 1 Md. App. 46; *Mauldin v. Warden,* 1 Md. App. 38. Since the judgment attacked by the applicant under post conviction procedures had not become final at the time of the decision in *Schowgurow*

and since the lower court made no finding that the selection of the grand jury indicting the applicant and the petit jury trying him were constitutionally selected within the ambit of *Schowgurow,* leave to appeal must be granted.

In view of our holding it is not necessary to consider the other allegations raised by the applicant in his petition.

> *Application for leave to appeal granted and case remanded for further proceedings in conformity with this opinion.*