## ALFRED G. DAVIS *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 92, September Term, 1967.]

*Decided February 19, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order filed on July 24, 1967, by Judge Joseph L. Carter, sitting in the Criminal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act.

In his petition, and at his evidentiary hearing, the applicant raised eleven contentions which were disposed of by the lower court as affording the applicant no relief. We agree with the court's disposition of all petitioner's contentions except the tenth, *viz.*, that a confession, which was introduced into evidence at his trial, was signed when he was intoxicated. This was disposed of by the lower court on the ground that while the issue of the voluntariness of a confession could be raised on appeal, it could not be attacked collaterally under the Act. Although this was formerly the law, *Whitley v. Warden*, 222 Md. 608, in the later case of *Ledbetter v. Warden*, 234 Md. 643, it was held, in effect, that the voluntariness of a confession could be raised under the Act. See also *Strosnider v. Warden*, 245 Md. 692; *Dennis v. Warden*, 243 Md. 104.

That petitioner has a right to raise such contention on post conviction is, of course, subject to the provisions of the Act with regard to waiver. See Section 645A(c) of Article 27 of the Maryland Code (1967 Repl. Vol.). Appellant did not appeal from his original conviction, although he raised the voluntariness issue at his trial. In his petition under the Act, the applicant does not appear to set forth any special circumstances to excuse his failure to appeal, and it may be that he has waived his right to now raise the question on post conviction. See *Bagley v. Warden*, 1 Md. App. 154. Whether "special circumstances" exist, however, is initially a matter for the determination of the trial judge. We shall, therefore, remand the case for further consideration of appellant's tenth contention concerning the voluntariness of his confession. Should the trial judge determine that the waiver provisions of the Act are not ap-

plicable, then, of course, he must conduct an evidentiary hearing to determine the voluntariness of applicant's confession.

*Application granted; case remanded for further proceedings consistent with this opinion.*