## JOSEPH PRATT *v.* WARDEN, MARYLAND PENITENTIARY

[No. 82, September Term, 1969.]

*Decided December 9, 1969.*

building and a permanent fixture, citing *Schofer v. Hoffman,* 182 Md. 270.

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*J. H. Thomas, Jr.,* for applicant.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

ORTH, J., delivered the opinion of the Court.

*Schowgurow v. State,* 240 Md. 121 burst upon the ad-

ministration of criminal justice in Maryland on 11 October 1965. The proceeding before us indicates that the residual fallout from its holdings has not as yet been entirely dissipated. This application for leave to appeal from an order denying relief under post conviction procedures raises questions with regard to the *Schowgurow* decision in a posture not heretofore presented on appellate review. *Schowgurow* was decided between the date of the judgments against the applicant and the date of the expiration of the time for the filing of a direct appeal therefrom, but no appeal was taken. He instituted a proceeding to set aside the sentences almost three years after the judgments were rendered by filing a petition under post conviction procedures collaterally attacking the convictions. One of the allegations of error was that the indictments under which the convictions were obtained were null and void under the *Schowgurow* decision. The first question is whether *Schowgurow* was applicable. If it was, then further inquiry is required to determine whether the applicant, in the circumstances, waived the right to elect to have the indictments voided.

## THE APPLICABILITY OF THE SCHOW-GUROW HOLDING

The precise holdings in *Schowgurow* were that the provisions of the Maryland Constitution requiring a demonstration of a belief in God as a qualification for service as a grand or petit juror were in violation of the Fourteenth Amendment, and that any requirement of an oath as to such belief, or inquiry of prospective jurors, oral or written, as to whether they believe in a Supreme Being, was unconstitutional. The Court found that Schowgurow's challenges to the composition of the grand jury which indicted him and the petit jury which tried him should have been upheld, and his motions to dismiss the indictment and to dismiss the petit jury panel should have been granted. 240 Md. at 131. The Court also determined the applicability of its holdings. "[T]he legal principle enunciated in this case shall not apply retro-

actively, except for convictions which have not become final before rendition of this opinion." 240 Md. at 132. A conviction is final within the meaning of *Schowgurow* when: (1) a judgment of conviction has been rendered; and (2) the availability for appeal has been exhausted; and (3) if an appeal had been taken, when the time for petitioning for *certiorari* to the Supreme Court has elapsed. *Brady v. Warden,* 2 Md. App. 146, 148. It is immaterial, an appeal having been taken, whether or not the defendant petitioned for *certiorari;* the test is not whether the case is final as of the date he seeks relief, but whether his conviction was final at the time the *Schowgurow* decision was rendered. *Terry v. Warden,* 243 Md. 610, 612. See *Ramsey v. Warden,* 1 Md. App. 43; *Mauldin v. Warden,* 1 Md. App. 38. Of course if no direct appeal is noted, the conviction becomes final at the time the availability for appeal has been exhausted, there then being no right to petition for *certiorari.*

It is clear that the applicant's convictions had not become final before *Schowgurow;* direct appeal was still available to him when *Schowgurow* was decided. Therefore, the legal principle enunciated in that decision was available to him.

## WAIVER

On 27 July 1965 ten indictments were returned against the applicant charging various crimes against the person and property of seven victims. At a court trial in the Criminal Court of Baltimore, he was convicted, on 30 September 1965, of three offenses of robbery with a deadly weapon, of three offenses of robbery, of attempted robbery with a deadly weapon, of two offenses of assault with intent to murder and of carrying a deadly weapon On the same date he was sentenced to 20 years on one of the robbery with a deadly weapon convictions, and to 10 years on another to run consecutively with the 20 year sentence. Sentences imposed on the remaining convictions were designated to run concurrently with the 10 year sentence.

There is no claim that the grand jury which returned the indictments had not been selected in accordance with what was then and had been the law of this State or that any member thereof was not competent and qualified to serve. The effect of *Schowgurow* on the applicant's convictions, not having become final, was that the defect in the method of selection of the grand jury was error. But it was error which did not render the indictments inoperative unless the applicant validly exercised his right to attack them. It was error which gave him the right, by timely challenge, to have the indictments quashed, but was error which he could knowingly and intelligently waive. *Smith v. State,* 240 Md. 464, 468-469.

The applicant did not appeal directly from the judgments. It was not until 24 July 1968 that he attacked them. He instituted a proceeding to set aside the sentences, Maryland Code, Art. 27, § 645A, by filing a petition in the Criminal Court of Baltimore, Maryland Rules BK40 and 41. Counsel was appointed to represent him, Rule BK42, the State responded to the petition by answer, Rule BK43, a hearing was held, Rule BK44, and the court made an order denying relief, which was accompanied by a memorandum giving its reasons therefor, Rule BK45. Application for leave to appeal from the order was properly filed, Rule BK46, and we have before us the question whether to grant or deny the application, Code, Art. 27, § 645-I; Rule BK47.

The applicant's petition for relief alleged that three errors were made in his trial:

1) He was denied the right to counsel during interrogation;
2) His arrest was illegal;
3) The indictments were null and void under the Schowgurow decision.

At the hearing he apparently presented a fourth allegation of error—that his trial counsel did not advise him of his right to appeal.

In denying relief, the hearing judge noted that at the

hearing, the applicant's trial counsel testified that he had informed the applicant, both before and after the trial, of his right "to take an appeal" and file a motion for a new trial, and that the applicant told his counsel "that he understood what 'to appeal' meant but thought it wise not to, since his sentence was thirty years and his offenses, considered together carried a possible term of one hundred years." The judge also noted that the applicant testified that counsel's assertions were correct—"that he had been advised as to his right to appeal and file a motion for a new trial, but decided not to expose himself to a greater sentence." On this testimony the judge below could properly decide that the fourth allegation was factually incorrect and was without merit. Thus the fourth allegation afforded no ground for relief.

In the light of the testimony regarding a direct appeal, the judge determined that the first three allegations were without merit. He reached this conclusion by invoking Rule BK48. He found that the allegations had been "knowingly, intelligently and effectively waived;" that the applicant "failed to show any special circumstances as to why he had not raised these contentions previously;" and that "hence he failed to rebut the presumption" of the waiver of them.

Rule BK48 provides, *inter alia*:

"a. An allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation * * * on direct appeal (whether or not the petitioner actually took such an appeal), * * * unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

b. When an allegation of error could have been made by a petitioner * * * on direct appeal (whether or not the petitioner actually took

> such an appeal) * * * but was not in fact
> so made, there shall be a rebuttable pre-
> sumption that the petitioner intelligently
> and knowingly failed to make such allega-
> tion."

The Rule in this form was amendatory and supplemental to the Rule as it had been formerly adopted. In its amended form it was approved and adopted by the Court of Appeals by its order of 23 June 1967 which provided that it "shall take effect on 1 September 1967, and shall apply to all proceedings thereafter commenced and, as far as practicable, to all proceedings then pending." We think it clear that "proceedings" means those proceedings under "Subtitle BK Post Conviction Procedure," and so the Rule as amended would apply to the applicant's petition for relief and could be invoked in determining it. In any event its provisions as amended were exactly the same in all material aspects as the provisions of Code, Art. 27, § 645A(c) which is the codification of Chapter 442, Acts 1965, effective, by § 3 thereof, 1 June 1965, prior to the trial of the applicant. We held these provisions to be constitutional in *Jones v. Warden*, 2 Md. App. 343.

Section 645A (d) provides that no allegation of error shall be deemed to have been waived "where * * * subsequent to any proceeding in which said allegation otherwise may have been waived, any court whose decisions are binding upon the lower courts of this State holds that the Constitution of the United States or of Maryland imposes upon State criminal proceedings a procedural or substantive standard not theretofore recognized, which such standard is intended to be applied retrospectively and would thereby affect the validity of the petitioner's conviction or sentence."

It is clear that the applicant could have made the allegation of error with respect to *Schowgurow* on direct appeal. He was convicted and sentenced on 30 September 1965, *Schowgurow* was decided on 11 October 1965

and the availability for appeal was not exhausted until 30 October 1965. The decision in *Schowgurow* to reverse the judgment was final and conclusive, Rule 870, the remand being only in order for the lower court to pronounce the proper judgment, Rule 871b, and the mandate only evidencing the order reversing the judgment, Rule 876a.

It is equally clear that the applicant could have made the allegation with respect to his illegal arrest on direct appeal if properly challenged at his trial. Even if his arrest were illegal it would not affect the jurisdiction of the court, would be no ground for dismissing the indictments and would not preclude trial and conviction. *Nadolski v. State*, 1 Md. App. 304. It would exclude, upon proper challenge, evidence obtained by a search or seizure the reasonableness of which depended upon the legality of his arrest. *Mapp v. Ohio*, 367 U. S. 643. But *Mapp* was decided in 1961 and if fruits of an illegal arrest were admitted against him at his trial over objection, the applicant could have raised the issue on direct appeal.

With respect to the allegation that counsel was denied him during interrogation, this would be grounds for inquiry only if a statement obtained from him was admitted in evidence at his trial. *Pressley v. Warden*, 242 Md. 405; *Watson v. Warden*, 2 Md. App. 134. But if it was, *Miranda v. Arizona*, 384 U. S. 436 afforded no ground for relief as it applies only to cases the trial of which began after 13 June 1966. *Johnson v. New Jersey*, 384 U. S. 719. However, *Escobedo v. Illinois*, 378 U. S. 478 applies to cases the trial of which began after 22 June 1964. *Johnson v. New Jersey, supra.* If the applicant, assuming that a confession was obtained from him and admitted in evidence at his trial over objection, had requested counsel before interrogation and counsel had been denied him, see *Crumb v. State*, 1 Md. App. 98, this issue could have been raised on direct appeal.

Since the applicant, on direct appeal, could have made each of the three allegations of error made in his peti-

tion for post conviction relief, but failed to do so, he is presumed to have waived them under the provisions of Rule BK48 and Code, Art. 27, § 645A (c), subsection (d) thereof not being applicable.

The hearing judge, on the evidence before him, found no special circumstances to excuse the failure to make the allegations on direct appeal since the applicant had freely and intelligently decided not to file a direct appeal. Therefore, he found that the applicant had not rebutted the presumption, arising from the failure to make the allegations, that the applicant had intelligently and knowingly failed to make them. We note that since the majority holding of this Court is that *North Carolina v. Pearce,* 395 U. S. 711, decided 23 June 1969, is not to be retroactively applied, *Wayne v. State,* 8 Md. App. 5, and since the Supreme Court has not as yet decided the point, the fear of the applicant, if he appealed and the judgments were reversed, that upon retrial and conviction he would receive a harsher sentence, would not be a special circumstance to excuse his failure to appeal. The settled Maryland law prior to *Pearce* was that an increased sentence on retrial was within the discretion of the second trial judge. *Moon v. State,* 250 Md. 468. We agree with the hearing judge as to the denial of relief as to the allegations of illegal arrest and denial of counsel at interrogation. The denial of relief as to the third allegation warrants further discussion.

In *Smith v. State, supra,* the defendant was tried and convicted three days after the *Schowgurow* decision. Before trial he intelligently and knowingly waived all possible defects in the indictment following clear and thorough explanations of the *Schowgurow* decision. Subsequently, before sentence was imposed, he moved to dismiss the indictments on the ground that he had been indicted by an unconstitutionally selected grand jury. The motion was denied and the Court of Appeals found no error, stating, "Having waived the issue before trial, he cannot withdraw the waiver after conviction." 240 Md. at 480. *Smith* is not directly apposite to the instant case.

In *Hays and Wainwright v. State*, 240 Md. 482, the defendants were tried and convicted on 14 December 1964, sentenced and appealed. On argument on appeal on 14 October 1965, three days after the *Schowgurow* decision, counsel made oral motion to reverse the convictions under the *Schowgurow* principle. The Court held that the defendants could not waive at trial a right not then available to them. It found "a clear line of demarcation between cases where the conviction had become final before *Schowgurow* and cases then pending on appeal." As to cases pending on appeal "the legal rights of the defendants have not been finally adjudicated; their day in court includes the right to appeal and, under our decisions, their failure to claim a right not existing before the appeal does not deprive them of the right to claim it on the appeal when the right was brought into being by an intervening change of law." At 488. It held that in the circumstances Rule 885 did not bar the defendants from invoking the principle set forth in *Schowgurow*. *Hays and Wainwright* is not apposite here because in that case the right to the *Schowgurow* principle was in fact invoked on appeal and there was no question of a waiver when the right was available.

In *Terry v. Warden, supra,* the defendant was tried, convicted and sentenced prior to *Schowgurow*. The judgment was affirmed on 16 July 1965. On 20 September 1965, prior to *Schowgurow*, he filed a petition under post conviction procedures. Relief was denied and there was no application for leave to appeal. On 16 November 1965 he filed a second petition which included an allegation that his indictment and conviction were void under *Schowgurow*. He filed application for leave to appeal from the denial of relief which was granted on the ground that the conviction had not become final at the time of the *Schowgurow* decision because the time for filing *certiorari* to the Supreme Court had not then elapsed—three days remained. *Terry* is not here apposite for the reason that under Code, Art. 27, § 645A (c) and Rule BK48, a direct appeal is the only proceeding

in which the waiver provisions may apply if the proceeding *is not actually instituted*. By the provisions of the Statute and the Rule an allegation of error shall be deemed to be waived when a petitioner could have made it but knowingly and intelligently failed to make it * * * "before trial, at trial, on direct appeal (*whether or not said petitioner actually took an appeal*), in any *habeas corpus* or *coram nobis* proceeding *actually instituted* by said petitioner, in a prior petition under this subtitle, or in any other proceeding *actually instituted* by said petitioner * * *." (emphasis supplied). In *Terry* the right to the *Schowgurow* principle was not available prior to trial, at trial, on direct appeal or on the first petition under post conviction procedure as all were prior to *Schowgurow*. It was available before the time elapsed for petition for *certiorari* to the Supreme Court but such proceeding was not actually instituted. Thus the question of waiver was not present.

In *Mauldin v. Warden, supra,* the defendant was tried, convicted and sentenced prior to *Schowgurow*. The judgment was affirmed on direct appeal on 30 July 1965. On 15 September 1965 he filed a petition for relief under post conviction procedure and at his hearing, which was subsequent to *Schowgurow,* he raised an additional allegation of error under the *Schowgurow* principle. Relief was denied by the lower court. We granted application for leave to appeal for the reason that the judgment was not final when *Schowgurow* was decided. *Mauldin* is not here apposite for the same reasons that *Terry* is not apposite.

*Ramsey v. Warden, supra,* in which we granted application for leave to appeal under a factual situation comparable to *Terry* and *Mauldin,* is not apposite here for the same reasons *Terry* and *Mauldin* are not apposite.

In the instant case the *Schowgurow* principle was not available to the applicant prior to trial or at trial. Thus the failure to raise it at trial was not a waiver of the right. But it was available to him before the time for

direct appeal was exhausted and he had sufficient opportunity to note an appeal and raise the issue had he chosen to do so. He did not appeal, by his own admission, because if he prevailed on appeal and his judgments were reversed, he would be exposed to harsher punishment on reconviction. As this reason would not excuse the failure to raise other allegations of error, available to him on direct appeal, it would not excuse the failure to raise the allegation of error as to *Schowgurow* available to him on direct appeal, for had he raised it, the judgments would necessarily have been reversed and he would have been reindicted and retried. This he did not desire.

The allegation of error as to *Schowgurow* was, in all material aspects, in no different posture than that of the other allegations of error raised. We cannot say that the judgment of the hearing judge, on the evidence before him, that the applicant did not show special circumstances sufficient to rebut the presumption that he intelligently and knowingly failed to make the allegation of error based on *Schowgurow* was clearly erroneous. Rule 1086.

*Application denied.*