549 A.2d 10

**STATE of Maryland**

v.

**John Clayton BITTINGER.**

**No. 157, Sept. Term, 1986.**

Court of Appeals of Maryland.

Oct. 31, 1988.

Norman L. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

José Felipé Anderson and George E. Burns, Jr., Asst. Public Defenders (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH*, McAULIFFE and ADKINS, JJ.

McAULIFFE, Judge.

On September 2, 1986, Judge Theodore Eschenburg of the Circuit Court for Worcester County conducted a proceeding to determine whether the guilty plea of John Clayton Bittinger should be accepted. What might have been a routine proceeding went awry for two basic reasons—the defendant's trial attorney [1] carefully orchestrated the proceedings to produce a result which was the very antithesis of his plea, and the trial judge erred in his assessment of the legal consequences of what had transpired. Offended by the tactics of defense counsel, but believing himself bound to this course of action, the trial judge found the defendant not guilty of the offense to which the plea had been proffered, and granted Bittinger's motion to dismiss the remaining charges. In doing so, Judge Eschenburg told the State's Attorney, "I hope you go to the Court of Appeals

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Bittinger is represented by different counsel before this Court.

... never have I ever wanted to be reversed so badly in all my life." The State did, and we shall.[2]

The charges in this case grew out of a confrontation between Bittinger and an off duty police officer at the Mini Market in Ocean City. As the officer, in civilian clothes, was attempting to enter the market, Bittinger exited, pushing the officer out of the way and directing abusive and threatening language toward him. Shortly thereafter, friends of Bittinger's, who were waiting in a nearby vehicle, became involved. Ultimately, Bittinger withdrew a knife from his pocket, opened and locked the blade, and approached the officer with the knife extended in front of him, saying "I am going to kill you." When Bittinger was approximately an arm's length from him, the officer produced his off duty pistol, and identified himself as a police officer. Bittinger said, "Oh shit," and thus ended the confrontation.

A two-count criminal information was filed in the Circuit Court for Worcester County charging Bittinger with assault with intent to murder, and assault. On the day scheduled for trial, the State's Attorney offered an amended information, and the following colloquy ensued:

STATES ATTORNEY: Your honor, I am presenting to the court this morning an amended Criminal Information in this proceeding. Upon acceptance of a plea of guilty to this charge, the amended charge, the State will be nol prossing the two counts from the original charge, which were assault with an intent to murder and simple assault. The amended charge is carrying a dangerous weapon with intent to injure.

* * * * * *

THE COURT: I assume this amended Criminal Information is part of a plea bargain.

DEFENSE ATTORNEY: Yes, it is.

---

2. We granted a writ of certiorari on our own motion before consideration of this case by the intermediate appellate court.

THE COURT: Mr. Bittinger, do you agree with this?

THE DEFENDANT: Yes, sir.

THE COURT: All right, it's received and accepted by the court.

Judge Eschenburg then advised and questioned the Defendant in accordance with the requirements of Maryland Rule 4–242(c), after which he said, "I am satisfied the plea is given freely, knowingly, and voluntarily." He then directed the Defendant to be seated and turned to the State's Attorney for a proffer of facts that would establish the factual basis for the plea. Following an extensive proffer, to which Bittinger and his counsel agreed with only minor corrections, Judge Eschenburg began to announce his finding concerning the sufficiency of the factual predicate, when he was interrupted by Bittinger's counsel. The following occurred:

THE COURT: Based upon the statement of facts—

DEFENSE ATTORNEY: If I may, prior to the court entering a plea finding, I understand the plea bargain arrangement is that upon acceptance of a plea of guilty the court or the State's Attorney would be nol prossing the other charges.

STATE'S ATTORNEY: That is correct.

THE COURT: I would imagine that is what he had in mind.

DEFENSE ATTORNEY: With regard to a plea of guilty, the court must find the factual predicate with the State's statements of fact prior to entering a finding of guilt. I'd ask the court to review *In re Daryl L.*, decided July 14th of this year, prior to a finding of guilt.

It soon became apparent that Bittinger's counsel was arguing that the court could not pronounce a finding of guilt pursuant to the plea, because the factual predicate was lacking. The amended information charged Bittinger with openly carrying a dangerous and deadly weapon with the intent to injure, a violation of Md.Code (1957, 1982 Repl. Vol., 1986 Cum.Supp.) Art. 27, § 36(a). The problem, said

Bittinger's counsel, was that § 36(a) explicitly excluded "penknives without switchblade" from its coverage, and the knife used by Bittinger was a penknife without a switchblade. Counsel's case reference was to *In re Daryl L.*, 68 Md.App. 375, 511 A.2d 1108 (1986), in which the Court of Special Appeals held that an eight and one-half inch folding knife with a locking mechanism, but without a switchblade or gravity opening feature, was a penknife within the meaning of the exclusion of § 36(a).

We are without a clear description of the knife. In his proffer of facts, the State's Attorney told the court Bittinger "pulled a knife out of his pocket, with his left hand the defendant took the knife, opened the blade and locked it." Defense counsel described the weapon as "a buck knife, folding into the handle." The State's Attorney apparently agreed that the knife was a penknife without switchblade within the meaning of the exclusionary language of § 36(a), and we proceed on that assumption.

Bittinger's counsel then argued that even though his client could not be found guilty, Bittinger had fulfilled his part of the bargain, and the State was obliged to enter a *nolle prosequi* on each assault charge, as it had promised. Bittinger's counsel said:

> [A]s the State's Attorney proffered to the court, upon acceptance of a plea of guilty from the Defendant, the State will be nol prossing the remaining charges. The plea has been accepted. We met our part of the bargain, we have pled guilty, and the plea was accepted.

At this point in the proceedings, the judge had determined that Bittinger's plea was voluntary and intelligent. He had not yet determined that there was an adequate factual basis for the plea. He had heard the State's Attorney's proffer of facts and apparently was about to resolve that question when Bittinger's counsel interrupted to inform him that there was no factual basis for the plea.

The record is clear that the plea agreement was expressly conditioned upon the acceptance of the plea of

guilty. At the outset of the proceedings, the State's Attorney said:

Upon acceptance of a plea of guilty to this charge, the amended charge, the State will be nol prossing the two counts from the original charge, which were assault with an intent to murder and simple assault.

On at least two occasions, Bittinger's counsel confirmed the existence of that condition.

If I may, prior to the court entering a plea finding, I understand the plea bargain arrangement is that upon acceptance of a plea of guilty the court or the State's Attorney would be nol prossing the other charges.

\* \* \* \* \* \*

And as the State's Attorney proffered to the court, upon acceptance of a plea of guilty from the Defendant, the State will be nol prossing the remaining charges.

The condition was never met. In no sense had the plea of guilty been accepted. When a plea of guilty is accepted, there is a conviction, and nothing remains to be done but the imposition of sentence. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Sutton v. State*, 289 Md. 359, 364, 424 A.2d 755 (1981). Here, the trial judge not only refused to accept a plea, but entered a finding of not guilty as to that charge.[3] The specific condition of the plea agreement not having been met, Bittinger's motion to dismiss the assault charges should have been denied.

■ Although our holding in this case turns upon the fact that the plea had never been accepted, we do not suggest that Judge Eschenburg would have been without authority to strike the acceptance of the plea had Bittinger's counsel waited until just after acceptance to suggest the inadequacy of the factual predicate. A defendant may

---

3. The State has challenged only the dismissal of the assault charges, and thus the propriety of the entry of a not guilty finding on the weapon charge, and the right of the State to challenge that action on appeal, are not before us.

mount a challenge to the plea with the trial court during the time the case remains within that court's jurisdiction, and may thereafter seek to challenge the plea in the appellate courts. A defendant successful in challenging the plea must realize, however, that the remedy is ordinarily to place the parties in their original position. *Sweetwine v. State,* 288 Md. 199, 421 A.2d 60 (1980); *Rojas v. State,* 52 Md.App. 440, 450 A.2d 490 (1982).

Bittinger suggests that he will be severely prejudiced by the guilty plea proceedings if the State is allowed to proceed on the original charges, because during the plea procedure he confessed certain facts to be true. His fears are groundless. The rationale of *Kercheval v. United States,* 274 U.S. 220, 223–25, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), is fully applicable to this case, so that neither the fact of Bittinger's plea nor any admissions made by him in the course of the plea proceedings will be admissible at the trial of the issues in the assault cases.

JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY DISMISSING THE CHARGES OF ASSAULT WITH INTENT TO MURDER AND ASSAULT REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE, JOHN CLAYTON BITTINGER.