979 A.2d 198

**George MATTHEWS**

v.

**STATE of Maryland.**

**No. 3035, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Aug. 28, 2009.

George Matthews, Pro Se Appellant.

Jessica V. Carter (Douglas F. Gansler, Atty. Gen., on brief), for Appellee.

Panel: JAMES R. EYLER, ZARNOCH, PAUL E. ALPERT, (Retired, Specially Assigned) JJ.

ZARNOCH, J.

Appellant, George Matthews, pleaded guilty in the Circuit Court for Baltimore City on December 5, 2000, to murder in the second degree and using a handgun in the commission of a crime of violence. Approximately seven years later, appellant filed a Motion for Appropriate Relief/New Trial ("Motion for New Trial"), pursuant to Maryland Rule 4–331(c), alleging, *inter alia*, newly discovered evidence, and requesting a hearing. On January 31, 2008, that motion was denied without a hearing. Appellant timely appealed that denial, asking this Court one question, which we have rephrased as follows:

Did the circuit court err in denying appellant's motion for new trial without a holding a hearing as requested? [1]

Because appellant alleged newly discovered evidence and substantially complied with the procedural requirements of Maryland Rule 4–331(d) in filing his motion for new trial, appellant was entitled to a hearing on his motion. We therefore vacate the circuit court's denial of appellant's motion and remand for a hearing.

## BACKGROUND

On July 20, 2000, appellant was charged in two indictments with the willful, deliberate and premeditated murder of Kenneth Marlow Cunningham, robbery with a dangerous and deadly weapon, unlawful use of a handgun in the commission of a felony or crime of violence, and related charges. On

---

1. Appellant's question presented asks: "Did the lower court error [sic] as a matter of law when it failed to properly exercise sound discretion in ruling on the matter?"

December 5, 2000, appellant pleaded guilty to second degree murder and use of a handgun in commission of a crime of violence. According to the record before this Court, appellant was sentenced on January 11, 2001, as follows:

> Sentence of the Court, as per the agreement, as to Count 1 is a sentence of 30 years to the Division of Corrections, that being murder in the second degree.

> Count 2, use of a handgun in the commission of a felony or crime of violence, sentence is ten years consecutive, first five of which to be served without the possibility of parole. The sentences to commence July the 11, 2000 and would run concurrently with any federal sentence that Mr. Matthews is presently serving.

*Matthews v. State,* No. 1951, Sept. Term, 2006, 175 Md.App. 774, slip op. at 1, (filed Sept. 11, 2007).

Following his sentence, appellant filed three separate petitions for post-conviction relief, two of which he withdrew without prejudice. On October 15, 2004, appellant filed a third petition for post-conviction relief, the substance of which is not included in the record on appeal. Following a hearing, appellant's petition was denied by order of the circuit court on April 5, 2005. This Court denied appellant's application for leave to appeal in a per curiam decision on February 8, 2006. *Matthews v. State,* No. 1385, Sept. Term 2005, 167 Md.App. 779 (filed February 8, 2006).

On September 13, 2006, appellant filed another motion in the circuit court, entitled Motion for Exercise of Revisory Power Over an Enrolled Judgment Citing Mistake, Irregularity in the Proceedings in the Circuit Court, asserting that the court's acceptance of his guilty plea, and its pronouncement of sentence, were the result of mistake or irregularity. ("Motion to Revise"). *Matthews v. State,* No. 1951, Sept. Term, 2006, 175 Md.App. 774, slip op. at 2 (filed Sept. 11, 2007). The circuit court denied that motion on October 2, 2006. *Id.* Appellant appealed that denial to this Court, and we dismissed appellant's appeal in an unreported opinion. *See Matthews v. State,* No. 1951, Sept. Term, 2006, 175 Md.App. 774, slip op. at

5 (filed Sept. 11, 2007). This Court's mandate issued on October 11, 2007. Appellant's petition for writ of certiorari to the Court of Appeals was also denied by the Court of Appeals on December 17, 2007. *Matthews v. State*, 402 Md. 353, 936 A.2d 851 (2007).

On or around December 19, 2007, appellant filed a Motion for Appropriate Relief/New Trial in the circuit court, the motion that is the subject of this appeal, alleging: (1) "that the factual basis on which the State's Attorney's Officer pro-offered [sic] in the case subjudice does not support the plea at least, insofar as what the State pro-offered [sic] as to Brian Sollers and Kaprice Marshall testimony would be if called to testify"; (2) that "the notarized affidavit written by Brian Sollers constitutes newly discovered or after discovered evidence"; and, (3) "that trial counsel rendered ineffective assistance by failure to file a demand for Bill of Particulars pursuant to Maryland Rule 4–241." Appellant's motion was accompanied by a handwritten affidavit by Brian Sollers, who stated that he gave false and misleading information to police investigators in connection with this case, and influenced Kaprice Marshall to do the same.[2] Appellant also requested a hearing on the motion. On January 31, 2008, the Circuit Court for Baltimore City denied appellant's Motion for Appropriate Relief/New Trial without conducting a hearing. This appeal followed.

## DISCUSSION

On appeal, after setting forth the previously mentioned three grounds for his motion, appellant asserts:

---

2. Specifically, the affidavit stated:

 I Brian Sollers willfully and falsely gave detectives investigating a homicide misleading information, relating to a homicide that took place on 8/26/1995. I also, influenced Kaprice Marshall, to implicate George Mathews (Gee) in the homicide. Ms. Marshall didn't know Mr. Mathews. I lied in my interviews by detectives ... by claiming George Mathews commit [sic] the homicide on 8, 26, 1995 at the time of this incident (homicide) and my interveiw [sic] by detectives. I, we, in our neighborhood dislike [an] outsider [like] Mr. Mathews from New York in our neighborhood.

Appellant argues that at the very least, he was entitled to a hearing on the Motion for Appropriate Relief/New Trial because he presented a notorized [sic] copy of Brian Sollers' written recantation statement, a copy of which was mailed to the State's Attorney's Office for Baltimore City, where that officer failed to challenge or refute the notorized [sic] statement.

■ The State responds by first moving to dismiss appellant's appeal on the grounds that appellant failed to comply with Maryland Rules 8–411 and 8–413. The State suggests that we may therefore dismiss this appeal pursuant to Maryland Rule 8–602(a)(6). That rule provides:

(a) **Grounds.** On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:

\* \* \*

(6) the contents of the record do not comply with Rule 8–413.

The Rule is clearly discretionary, and because our holding is limited to appellant's right to have a hearing on his motion, we will deny the State's motion to dismiss.

■ Turning to the substance of appellant's contentions, we note that he first alleges that there was an inadequate factual basis for his guilty plea, because the plea relied on the proffered testimony of Brian Sollers and Kaprice Marshall. *See* Md. Rule 4–242(c) (stating that court may not accept a guilty plea until it determines that "(1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea"); *see also Metheny v. State,* 359 Md. 576, 602, 755 A.2d 1088 (2000) ("The factual basis determination serves several purposes, but mainly as a safeguard that the accused not be convicted of a crime that he or she did not commit"); *accord Rivera v. State,* 409 Md. 176, 194, 973 A.2d 218 (2009).

The State responds that, to the extent that appellant is seeking to withdraw his plea, that request was untimely under Maryland Rule 4–242(g). That rule provides:

> At any time before sentencing, the court may permit a defendant to withdraw a plea of guilty or nolo contendere when the withdrawal serves the interest of justice. After the imposition of sentence, on motion of a defendant filed within ten days, the court may set aside the judgment and permit the defendant to withdraw a plea of guilty or nolo contendere if the defendant establishes that the provisions of section (c) or (d) of this Rule were not complied with or there was a violation of a plea agreement entered into pursuant to Rule 4–243. The court shall hold a hearing on any timely motion to withdraw a plea of guilty or nolo contendere.

We agree with the State that appellant's motion was untimely because it was not filed within 10 days after he was sentenced as required by Maryland Rule 4–242(g). But, the primary basis for appellant's motion was the newly discovered evidence provided in the sworn affidavit of Brian Sollers.[3] In support of his motion, appellant relied on Maryland Rule 4–331(c), and also requested a hearing in the circuit court. That rule permits a court to grant "a new trial or *other appropriate relief*," which could include permitting appellant to withdraw his guilty plea. Md. Rule 4–331(c) (emphasis added). We thus turn to Maryland Rule 4–331, which states:

> (a) *Within Ten Days of Verdict.* On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial.

> (b) *Revisory Power.* The court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial:

---

3. Appellant also alleged ineffective assistance of counsel. As will be explained, we decline to address this contention on appeal, leaving the matter to the circuit court's discretion on remand.

(1) in the District Court, on motion filed within 90 days after its imposition of sentence if an appeal has not been perfected;

(2) in the circuit courts, on motion filed within 90 days after its imposition of sentence.

Thereafter, the court has revisory power and control over the judgment in case of fraud, mistake, or irregularity.

(c) *Newly Discovered Evidence.* The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:

(1) on motion filed within one year after the date the court imposed sentence or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later;

(2) on motion filed at any time if a sentence of death was imposed and the newly discovered evidence, if proven, would show that the defendant is innocent of the capital crime of which the defendant was convicted or of an aggravating circumstance or other condition of eligibility for the death penalty actually found by the court or jury in imposing the death sentence;

(3) on motion filed at any time if the motion is based on DNA identification testing or other generally accepted scientific techniques the results of which, if proven, would show that the defendant is innocent of the crime of which the defendant was convicted.

(d) *Form of Motion.* A motion filed under this Rule shall (1) be in writing, (2) state in detail the grounds upon which it is based, (3) if filed under section (c) of this Rule, describe the newly discovered evidence, and (4) contain or be accompanied by a request for hearing if a hearing is sought.

(e) Disposition. *The court may hold a hearing on any motion filed under this Rule and shall hold a hearing on a motion filed under section (c) if the motion satisfies the requirements of section (d) and a hearing was requested.*

The court may revise a judgment or set aside a verdict prior to entry of judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.

(Emphasis added).[4]

Appellant's claim was not filed within ten days of the verdict, as required by Maryland Rule 4–331(a). It was not filed within 90 days as required by Maryland Rule 4–331(b). Nor under Maryland Rule 4–331(c)(1) was it filed within one year of the sentence.

However, appellant's motion was arguably filed within one year of "a mandate issued by the Court of Appeals or the Court of Special Appeals . . ." Md. Rule 4–331(c)(1) (emphasis added). This Court issued a mandate after dismissing appellant's appeal from the denial of his motion to revise on October 11, 2007. The instant motion for new trial was filed on or around December 19, 2007.[5] If the provision in Maryland Rule 4–331(c)(1) applies to *any* mandate, then, arguably, appellant's motion for new trial was timely filed. But, we need not decide whether Rule 4–331(c)(1) applies to any mandate, including one not issued in connection with a direct appeal, because we conclude that even an untimely motion for a new trial based on newly discovered evidence may afford the movant a hearing under subsection (e) of Maryland Rule 4–331.

The Court of Appeals has provided that the rules of construction that guide the interpretation of statutes apply equally when interpreting the Maryland rules of procedure. *State v. Montgomery,* 334 Md. 20, 24, 637 A.2d 1193 (1994); *see also Johnson v. State,* 360 Md. 250, 265, 757 A.2d 796 (2000) ("We

---

**4.** The State does not contend that Maryland Rule 4–331 does not apply when the underlying judgment results from a guilty plea, as opposed to a trial.

**5.** In its Order denying this motion, the circuit court observed that appellant certified that he mailed his motion on December 19, 2007, but the motion was not received in the Clerk's office until January 9, 2008.

have often noted that looking to relevant case law and appropriate secondary authority enables us to place the rule in question in the proper context") (citations omitted). We begin by noting that the present language of Maryland Rule 4–331(e) differs markedly from that contained in the pre–2002 version. At that time, the Rule made express reference to the disposition of an untimely motion for a new trial. Specifically, Section (e) provided:

> The court shall afford the defendant or counsel and the State's Attorney an opportunity for a hearing on a motion filed under this Rule, except that if *the motion is filed more than one year after the circuit court receives the mandate issued by the Court of Appeals, a hearing need not be held unless the motion satisfies the requirements of section (d) of this Rule.* The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial. (Emphasis added.).

In *Jackson v. State,* 358 Md. 612, 751 A.2d 473 (2000), a case where a motion for a new trial on the basis of newly discovered evidence was denied without a hearing, the Court of Appeals, in reliance on Rule 4–331(e), said:

> The *only basis* for the court to deny a hearing is expressly provided for in the rule—a determination that the motion was late *and* did not comply with the requirements of § (d) of the Rule.

*Jackson,* 358 Md. at 622–23, 751 A.2d 473 (Emphasis added).

On October 20, 2000, the Standing Committee on Rules of Practice and Procedure considered the following proposal to amend the first sentence of Rule 4–331(e):

> If there is no waiver by the parties, ~~The~~ the court shall ~~afford the defendant or counsel and the State's Attorney an opportunity for~~ hold a hearing on a motion filed under this Rule, except that if the motion is filed more than one year after the circuit court receives the mandate issued by the Court of Appeals, a hearing need not be held unless the

motion satisfies the requirements of section (d) of this Rule . . . . .

According to Committee minutes, Judge Hovey Johnson explained the rationale for the change:

Turning to section (e), Judge Johnson explained that the Subcommittee is proposing to clarify that a hearing is required pursuant to the decision of *Jackson v. State*, 358 Md. 612, 751 A.2d 473 (2000), which had pointed out some ambiguity as to whether section (e) of Rule 4–331 provides an automatic hearing when a motion for a new trial is filed. The Vice Chair questioned as to how the hearing is waived, and Judge Johnson replied that it is waived if no one asks for a hearing. Judge Heller noted that waiver in criminal proceedings can be different. Counsel or the defendant can expressly so state, or it may be necessary to come to the courtroom to waive the hearing. Another way to accomplish the concept of a waiver is to delete the introductory language of section (e) which reads: "[i]f there is no waiver by the parties" and substitute in its place the language "[i]f a hearing is requested by a party." The Vice Chair pointed out that one of the ambiguities in the existing language of the Rule is the meaning of the phrase "[t]he court shall afford the defendant or counsel and the State's Attorney an opportunity for a hearing" when there is no other place in the Rule providing how the hearing happens. Mr. Bowen commented that if the introductory language of section (e) is changed as Judge Heller suggested, the second part of section (e) will have to be changed to be consistent. Sections (d) and (e) will have to be worked on together. The Vice Chair stated that the Style Subcommittee can take care of this. The Chair stated that Rule 4–331 was approved as amended.

Contrary to this statement in the minutes, the rule change was not finally approved, and the issue resurfaced at a February 9, 2001 meeting of the Rules Committee. At that time, the following amendment to Rule 4–331(e) was considered:

If a hearing is requested by a party ~~The~~ the court shall ~~afford the defendant or counsel and the State's Attorney an opportunity for~~ hold a hearing on a motion filed under this Rule, except that if the motion is filed more than one year after the ~~circuit court receives the mandate issued by the Court of Appeals.~~

## Alternative 1

waiver or exhaustion of direct appeals,

## Alternative 2[6]

court's imposition of sentence or the date the court receives a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later,

a hearing need not be held unless the motion satisfies the requirements of section (d) of this Rule . . . . .

At the meeting, Committee member Robert Dean explained that the Style Subcommittee had sent the proposal back to the Criminal Subcommittee "to fix some logical inconsistencies involving policy determinations". According to the minutes:

Mr. Brault inquired as to why the Rule is permitting the motion for a new trial to be filed at any time. Mr. Dean answered that after one year, the judge can dispose of the motion without a hearing unless the motion conforms to more stringent requirements.

Later in the meeting the following discussion occurred:

The Chair noted that a motion for a new trial based on a defendant's statement, which is disputed by seven witnesses, is different than a motion based on newly discovered evidence. Section (e) should provide that if a motion alleges newly discovered evidence, the person gets a hearing; otherwise the court may hold a hearing. The Committee agreed by consensus.

The minutes went on to note:

---

6. Eventually, a variation of Alternative 2 was adopted.

The Reporter referred to the case of *Jackson v. State*, 358 Md. 612, 751 A.2d 473 (2000), which held that the court must hold a hearing when a motion for a new trial is filed. Mr. Karceski observed that the existing Rule is being changed. The Chair said that the *Jackson* case held that when a defendant alleges newly discovered evidence, the defendant should have an opportunity to present his or her case. Judge Missouri pointed out that most of the motions for a new trial allege that the judge made mistakes. The Chair observed that the judge is not prohibited from holding a hearing. Mr. Dean reiterated that newly discovered evidence is rarely alleged in motions for a new trial.

The Committee approved the Rule as amended.[7]

Prior to submitting the proposed rule change to the Court of Appeals, the draft was apparently taken up again by the Style Subcommittee.[8] Section (e) was amended in the following fashion:

> The court [shall afford the defendant or counsel and the State's Attorney an opportunity for] *may hold a hearing on any motion filed under this Rule and shall hold a* hearing on a motion filed under *section (c) if the motion satisfies the requirements of section (d) and* [this Rule] *a hearing was requested* [, except that if the motion is filed more than one year after the circuit court receives the mandate issued by the Court of Appeals, a hearing need not be held unless the motion satisfies the requirements of section (d) of this Rule]. The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.

---

**7.** At the same meeting, the Committee also approved changes to Section (d) and Section (c). The latter change dealt with the filing of a motion for new trial on the basis of DNA evidence or other scientific techniques.

**8.** There are no minutes of the Style Subcommittee's meeting.

The Subcommittee also made additional changes to Section (d), toughening the procedural requirements for filing a new trial motion. These were the changes that were submitted to and adopted by the Court and that are now part of the existing rule.[9]

These changes were submitted to the Court as part of the *One Hundred Forty-Ninth Report of the Standing Committee on Rules of Practice and Procedure,* 28 Md. Reg. 857 (May 4, 2001).[10] They were accompanied by the following Reporter's Note:

> The case of *Jackson v. State,* 358 Md. 612, 751 A.2d 473 (2000), pointed out some ambiguity as to whether section (e) of Rule 4–331 provides an automatic hearing when a motion for a new trial is filed. The Court of Appeals held that in the absence of a waiver by the parties, the court must conduct a hearing. The Committee is recommending a change to section (e) to provide that if a motion based on newly-discovered evidence satisfies section (d) of the Rule and a hearing is requested by a party, the court must hold a hearing; in all other cases, the court may hold a hearing. Additionally, stylistic changes are proposed. *Id.* at 868, 751 A.2d 473.

However, the transmittal letter to the Court, dated April 11, 2001, contained this caveat:

> For the guidance of the Court and the public, following each proposed new rule and amendment is a Reporter's Note describing the reasons for the proposal and any changes that would be effected in current law or practice. *We caution that these Reporter's Notes were prepared initially for the benefit of the Rules Committee; they are not part of the Rules and have not been debated or approved by the Committee; and they are not to be regarded as any kind of*

---

9. The November 1, 2001 Rules Order approving the changes was generally effective January 1, 2002.

10. The Report was submitted by the Chair and Vice-chair on behalf of the Rules Committee.

*official comment or interpretation.* They are included sole-
ly to assist the Court in understanding some of the reasons
for the proposed changes. *Id.* at 858, 751 A.2d 473. (under-
lining in original).[11]

Finally, the change to Rule 4–331 was explained by the
Rules Committee Chairman at the October 9, 2001 open
meeting before the Court of Appeals as follows:

> We proposed in Rule 4–331 an amendment that's based on
> scientific developments, DNA being the most obvious one
> ... The other proposed change to [4–331](e) would require
> that there be a hearing where the motion comes in asserting
> the innocence claim based on the scientific evidence and give
> the court the discretion to hold a hearing on any other
> motion filed.

Without a doubt, Rule 4–331's provisions with regard to the
treatment of untimely motions were ambiguous before the
2002 change and, after the amendment, they continue to be.
The pre–2002 Rule in its time-structured first three sections
did not hint that an untimely motion—particularly one with
regard to newly-discovered evidence—was possible until the
"disposition" section of the Rule, where a hearing on the
untimely motion was mandated, if certain procedural require-
ments were met. The new Rule retained this inconsistency,
because once again, the first three sections do not mention
untimely motions, except for the retained reference to a
motion "filed under this Rule."

Nevertheless, what is apparent from the record before the
Rules Committee are concerns for: addressing "automatic",
*i.e.* "unrequested" hearings; dealing with unnecessary hear-
ings through the "more stringent" procedural requirements of
section (d); treating preferentially a motion for a new trial on
the basis of newly discovered evidence; and, acting consistent-
ly with the *Jackson* decision. The State's position appears to
be that altering the consideration of an untimely motion for a

---

11. The transmittal letter also described the revision of Rule 4–331(e) as
"chang[ing] the circumstances under which section (e) requires the
Court to hold a hearing."

new trial was a prime concern. To arrive at that conclusion, we would have to find (1) that the Style Subcommittee's changes to the draft rule, adopted by the full Committee on February 9, 2001, were of a substantive nature and (2) that the Committee intended to retreat from the statement in *Jackson* that the only basis for denying a hearing on an untimely motion for a new trial on the basis of newly discovered evidence is a failure to comply with the procedural requirements of Section (d). In our view, this would be an unreasonable reading of the record in the Rules Committee.

Ultimately, the meaning of the Rule change is determined not by the Rules Committee or its subcommittees, but by the intent of the Court of Appeals. Although the Court adopted the language of Rule 4–331 as submitted and with no further explanation, it is unlikely the Court intended a departure from *Jackson*'s conclusion that even an untimely and procedurally compliant motion for new trial on the basis of newly discovered evidence cannot be denied without a hearing. *Cf. Allen v. State,* 402 Md. 59, 72, 935 A.2d 421 (2007) (When the Legislature enacts new legislation and when it does not express a clear intention to abrogate prior judicial decisions, it is presumed to have acquiesced in those holdings).

Returning to the text of Section (e), this provision requires a hearing for a procedurally compliant "motion filed under Section (c)." Although it is arguable that this provision includes only motions filed within the time constraints listed in Section (c), we conclude that it is likely that the Court and the Committee intended the term "motion filed under Section (c)" to be simply a short-hand reference to a motion based on newly discovered evidence. Read this way, the Rule change is consistent with both *Jackson,* the relevant portions of the record before the Rules Committee, and the Reporter's Note submitted to the Committee.

Accordingly, we hold that if an untimely motion for a new trial on the basis of newly discovered evidence is filed, *i.e.* one filed after the one year deadline, and the motion has complied with Section (d) of the Rule, the movant must be accorded a

hearing. In this case, and as the State concedes, appellant's motion substantially complied with Section (d) of the Rule-it was in writing, stated the grounds upon which it was based, alleged and described the newly discovered evidence, and contained a request for a hearing. Therefore, appellant was entitled to a hearing under Md. Rule 4–331.

██ At that hearing, in order to prevail on the motion for new trial appellant must demonstrate that (1) the evidence was newly discovered; that it was not capable of being discovered by due diligence; and (2) that the newly discovered evidence may well have produced a different result, that is, there was a substantial or significant possibility that the verdict of the trier of fact would have been affected. *Jackson,* 358 Md. at 626, 751 A.2d 473; *Accord Miller v. State,* 380 Md. 1, 28, 843 A.2d 803 (2004) ("Newly discovered evidence warrants a new trial only if it may well have produced a different result, that is, there was a substantial or significant possibility that the verdict of the trier of fact would have been affected") (internal citation omitted); *see also Skok v. State,* 124 Md.App. 226, 244, 721 A.2d 259 (1998) ("We hold that a defendant who files a motion for new trial to set aside a guilty plea or a nolo contendere plea must allege facts showing that he/she has acted with ordinary diligence and good faith"), *rev'd on other grounds,* 361 Md. 52, 760 A.2d 647 (2000).

██ Further, it is the trial court's function to assess credibility in ruling on a motion for a new trial. In *Argyrou v. State,* 349 Md. 587, 709 A.2d 1194 (1998), the Court of Appeals emphasized that "[a] trial court has wide latitude in considering a motion for new trial and may consider a number of factors, including credibility, in deciding it; thus, the court has the authority to weigh the evidence and to consider the credibility of witnesses in deciding a motion for new trial." *Id.* at 599, 709 A.2d 1194. Speaking for the Court, Chief Judge Bell explained that the trial court also has discretion to consider "the credibility or trustworthiness of the evidence itself, as well as the motive, or other impeaching characteristics of those offering it." *Id.* at 608, 709 A.2d 1194.

In addition to these considerations, appellant also alleged that he received ineffective assistance of counsel because his trial counsel did not file a demand for a bill of particulars. The record in this Court is simply inadequate for us to address this contention. Indeed, the record does not even indicate whether this issue was raised in appellant's third petition for post-conviction relief, a petition that was denied by order of the Circuit Court for Baltimore City on April 5, 2005. We recognize that the circuit court is not precluded from reopening the post-conviction proceeding to consider appellant's claim of ineffective assistance. *See* Md.Code (2001, 2008 Repl.Vol.), § 7–104 of the Criminal Procedure Article ("The court may reopen a postconviction proceeding that was previously concluded if the court determines that the action is in the interests of justice"); *Skok v. State,* 361 Md. 52, 80, 760 A.2d 647 (2000) ("Although the Maryland General Assembly in 1995 limited a person to 'one petition, arising out of each trial, for relief' under the Post Conviction Procedure Act, the Legislature did provide that a 'court may in its discretion reopen a postconviction proceeding that was previously concluded if the court determines that such action is in the interests of justice' "). However, the circuit court on remand should also consider whether appellant's claims have already been waived. *See* § 7–106(b) of the Criminal Procedure Article (setting forth when an allegation of error is deemed waived, and when failure to make such an allegation may be excused).

 Should the circuit court conclude in its discretion that appellant is entitled to "other appropriate relief" under Maryland Rule 4–331(c), such relief may include permitting appellant to withdraw his guilty plea if that serves the interest of justice in this case. *See, e.g., Harris v. State,* 299 Md. 511, 515, 474 A.2d 890 (1984) ("It is well-settled that the granting of a motion to withdraw a guilty plea lies within the sound discretion of a trial judge, and his decision will not be overturned unless a clear abuse of discretion is shown"). As the Court of Appeals has stated, such a remedy places the parties in their original positions:

A defendant may mount a challenge to the plea with the trial court during the time the case remains within that court's jurisdiction, and may thereafter seek to challenge the plea in the appellate courts. A defendant successful in challenging the plea must realize, however, that the remedy is ordinarily to place the parties in their original position.

*State v. Bittinger,* 314 Md. 96, 101–02, 549 A.2d 10 (1988) (citations omitted); *see also State v. Parker,* 334 Md. 576, 607, 640 A.2d 1104 (1994) (concluding that when the Court lacked jurisdiction to enforce an integral portion of defendant's plea agreement, the defendant could either leave the guilty plea in place or withdraw the plea, so that the State could proceed on all of the original charges); *Sweetwine v. State,* 288 Md. 199, 212 n. 5, 421 A.2d 60 (1980) (noting that "where the prosecution breached a plea bargain, entitling the defendant to rescind his guilty plea, if the defendant elected to rescind the guilty plea then he will have to plead anew to *all* of the original charges, including those which the State had nol prossed") (emphasis in original) (internal quotations omitted).

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE CITY VACATED. CASE REMANDED FOR A HEARING TO BE HELD ON APPELLANT'S MOTION FOR A NEW TRIAL. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**