## KELLY *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 137, September Term, 1965.]

718

*Decided October 3, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

On 12 August 1964 applicant was convicted, for the second time, of robbery with a deadly weapon. He was sentenced to twenty years in the Maryland Penitentiary. No appeal was taken from that conviction. The details of his first conviction will be found in *Kelly v. Warden, Maryland Penitentiary*, 230 F. Supp. 551 (D. Md. 1964) ; *Kelly v. Warden*, 229 Md. 642, 184 A. 2d 622 (1962).

On 26 October 1965, Kelly filed his present post conviction petition in which he raised three contentions, all of which were found to be without merit by Judge Cullen below. We also find them to be without merit.

Applicant claims he is entitled to the benefit of our decision in *Schowgurow v. State*, 240 Md. 121, 213 A. 2d 475 (1965). His conviction having become final well before *Schowgurow*, he does not come within the ambit of that case. *Sturgis v. Warden*, 241 Md. 728, 217 A. 2d 341 (1966).

In addition, applicant claims that Judge Harris (who presided at his non-jury trial) was biased and that his [Kelly's] conviction resulted from the use of the fruits of an illegal arrest. The Post Conviction Procedure provided by Code, Art. 27, §§ 645A-645J (1957, Cum. Supp. 1965) is not a substitute for an appeal or a means of obtaining a belated appeal. *Montgomery v. Director of Patuxent Institution*, 235 Md. 672, 202 A. 2d 758 (1964). These allegations of error "could have been made on direct appeal" but Kelly took no appeal. There arises, therefore, a "rebuttable presumption that * * * [Kelly] intel-

ligently and knowingly" waived such allegation. Code, Art. 27, § 645A (1957, Cum. Supp. 1965). Applicant has made no showing that he was denied a right of appeal or any other facts which might rebut the presumption.

*Application denied.*