## JOHN L. BRADY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 131, Initial Term, 1967.]

*Decided September 29, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

John L. Brady was convicted of murder in the first degree by a jury in the Circuit Court for Anne Arundel County on December 8, 1958, and was sentenced to death. His conviction was affirmed on appeal, *sub nom. Boblit v. State*, 220 Md. 454. He subsequently filed a motion to set aside the judgment and sentence on the ground that an unsigned statement of his co-defendant, Boblit, that was in the hands of the police, would have corroborated the applicant's testimony that it was Boblit and not he who did the actual killing. He claimed that he did not have knowledge of this until after the affirmance of his appeal. The Court of Appeals dismissed his appeal from the denial of that motion on the ground that his only avenue of relief was the Uniform Post Conviction Procedure Act. *Brady v. State*, 222 Md. 442.

Brady then filed a petition for post conviction relief on substantially the same grounds as contained in the previous motion. The Court of Appeals granted leave to appeal from the lower court's denial of relief and, noting that Brady's sole claim of prejudice "goes to the punishment imposed," held that while Boblit's statement should have been made available to Brady, nothing in it could have reduced Brady's offense below murder in the first degree, so that there was no occasion to retry the issue of Brady's guilt; but since Boblit's statement may have influenced the jury as to the punishment to be imposed upon Brady, he was entitled to have a jury empanelled "to determine whether the finding already made of guilty of murder in the first degree should or should not be modified by the addition of the words 'without capital punishment'";

and that should the jury decline to add the words "without capital punishment" then the "sentence will be for the determination of the court on the basis of the evidence produced on the rehearing," referring to Section 413 of Article 27 of the Maryland Code which limits the punishment for first degree murder to either life imprisonment or death. The court thus reversed the judgment of the post conviction court below, and "remanded with instructions to enter an order, not inconsistent with this opinion, for a new trial on the question of punishment only." *Brady v. State,* 226 Md. 422. The Supreme Court of the United States, finding no denial of due process in the court's determination to grant a new trial limited to the issue of punishment only, affirmed that decision. *Brady v. Maryland,* 373 U. S. 83.

The "new trial on the question of punishment only" had not been held when *Schowgurow v. State,* 240 Md. 121 was decided. Since the legal principles enunciated in that landmark decision were applicable to convictions which had not become "final" before rendition of the opinion on October 11, 1965, Brady filed the instant post conviction petition, contending therein that because his sentence had not yet been imposed on the retrial, there was no final judgment of conviction existing against him on that critical date.

In *Schowgurow,* the Court of Appeals adopted the definition of "finality" set forth in *Linkletter v. Walker,* 381 U. S. 618, wherein the three prerequisites to finality were set out, *viz.,*

1. the judgment of conviction has been rendered;
2. the availability for appeal has been exhausted;
3. the time for petitioning for certiorari to the Supreme Court has elapsed.

Without question the judgment in a criminal case is not "final" in the usual or traditional sense of that term until the sentence has been imposed. *Miller v. State,* 1 Md. App. 653. See also *Berman v. United States,* 302 U. S. 211. We nevertheless are of the opinion—for purposes of applying the *Schowgurow* rule of retroactivity in Brady's case—that his judgment of conviction was not other than "final" within the meaning of *Schowgurow,* on October 11, 1965, the date of that decision. In excepting "convictions which have not become final before ren-

dition of this opinion" from the otherwise purely prospective operation of the legal principles announced in their decision, the *Schowgurow* court, in our judgment, did not contemplate the inclusion within such exception of a case in such a highly unique posture as that of Brady—a case in which Brady's conviction had been rendered, a death sentence imposed, and the judgment of conviction affirmed on appeal, and thus finalized prior to *Schowgurow*; but where, in subsequent post conviction proceedings, in which he asserted a constitutional right to a new trial because of the State's suppression of certain evidence, the court expressly limited its granting of a new trial to the "question of punishment only," therein delineating as the ultimate inquiry to be pursued "whether the finding already made of guilty of murder in the first degree should or should not be modified by the addition of the words 'without capital punishment.'" *Brady v. State, supra,* at page 430. Since only two sentencing alternatives were possible on the retrial—life imprisonment or death—and since the issue of Brady's guilt had been wholly foreclosed, we hold that his conviction was not so lacking in finality, within the *Schowgurow* retroactivity rationale, as to entitle him to demand a new indictment and, if newly indicted, to a new trial at which the issue of his guilt or innocence would again be open for consideration. It would be an incongruous result indeed were we to hold that under *Schowgurow* Brady's conviction could not be considered a "final judgment," since the availability of appeal from such judgment on the issue of guilt or innocence has been completely exhausted; and he has no right to direct review from the imposition of either of the two sentences authorized by Section 413 of Article 27 of the Maryland Code. See *Stevens v. State,* 232 Md. 33, *cert. den.* 375 U. S. 886.

We therefore conclude that the post conviction judge correctly denied Brady's petition.

*Application denied.*