JOHN LAWRENCE AVERY *v.* STATE OF
MARYLAND

[No. 812 (On Motion), September Term, 1972.]

*Order May 17, 1973.*

*Opinion Filed May 30, 1973.*

## ORDER

For reasons to be stated in an opinion to be filed later, it is this 17th day of May, 1973, by the Court of Special Appeals of Maryland, ORDERED that the Motion to Stay Execution of Sentence and Revocation of Bail and the Petition for the Issuance of a Writ of Prohibition be and the same are hereby denied.

The cause was argued before ORTH, C. J., and MORTON, THOMPSON, POWERS and GILBERT, JJ.

Motion argued by *John McDonald King* for appellant.

Motion argued by *George A. Eichhorn, III, Assistant Attorney General,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

On May 17, 1973, this Court entered in these proceedings an Order that a "Motion for Stay of Execution of Sentence and Revocation of Bail" and a "Petition for the Issuance of a Writ of Prohibition" be denied for reasons to be thereafter stated. The precise issue presented was whether or not a person whose conviction had been affirmed by this Court was entitled to bail during proceedings subsequent to denials of certiorari by both the Court of Appeals of Maryland and by the Supreme Court of the United States. We held that he was not; we now state our reasons.

Almost two years ago, on June 15, 1971, Dr. John Lawrence Avery was convicted of an assault and battery on a young lady while she was under the influence of a sedative he administered intravenously. Several police officers observed the commission of the crime via a closed circuit television camera installed in the victim's apartment with her permission. He was sentenced to a term of five years; he was required to serve the first eighteen months; the remainder being suspended. Dr. Avery appealed to this Court raising twenty-two contentions. The conviction was affirmed on June 30, 1972 in *Avery v. State,* 15 Md. App. 520, 292 A. 2d 728. Certiorari was denied by the Court of Appeals of Maryland on September 12, 1972, 266 Md. 733. On December 1, 1972, Dr. Avery petitioned the United States Supreme Court for relief in a document styled "an appeal." The Court dismissed the appeal for want of jurisdiction and "treating the papers . . . as a petition for writ of certiorari," denied certiorari on March 19, 1973,    U. S.    , 93 S. Ct. 1499, 36 L.Ed.2d 173 (1973). After the Court of Appeals denied certiorari in the case, Dr. Avery filed a motion under Md. Rule 764 b 3 requesting a new trial on the ground of newly discovered evidence. In his appeal to the Supreme Court he sought to raise not only the questions raised in his direct appeal but the question of the subsequent denial by a trial judge of his motion for

a new trial. He simultaneously filed an appeal to this Court from the denial of the motion for a new trial. That appeal is set for argument on June 18, 1973, so, of course, we will not herein deal with its merits. Inasmuch as the issue presented is one of public importance we shall dispose of it on the merits and not stop to consider the authority of this Court to issue a Writ of Prohibition, a writ which we have not heretofore issued.

Insofar as is pertinent, the Maryland statute authorizing release on bail pending appeal is set out as follows:

Md. Code, Art. 5, § 12B.

"An appeal . . . shall not stay execution of sentence unless counsel for the defendant so appealing shall make oath that the appeal is not taken for delay. Upon taking such appeal the defendant so appealing shall, in all cases not punishable by death or imprisonment in the penitentiary, be entitled to remain on bail, and in other cases not capital, the court from which the appeal is taken shall have the discretionary power to admit to bail; . . ."

Maryland Rule 777 pertaining to bail provides in pertinent part:

"b. After Conviction—Pending Sentence or Appeal.

"After conviction, pending sentence or appeal, an accused may be admitted to bail in the discretion of the trial court. Trial court shall be defined to mean the judge who presided at the trial subject to Rule 749 (Disability of Judge).

"c. Amount of Bail After Conviction.

"The court may require greater bail after conviction pending sentence or appeal than the accused had given before conviction.

"d. Refusal or Failure of Bail Pending Appeal —Effect.

"Pending appeal, if the court in its discretion

refuses to admit the accused to bail or the accused does not furnish bail, the accused shall commence service of his sentence.

"e. Review in the Supreme Court of the United States.

"After an accused has filed a petition for certiorari with the Court of Appeals to review a decision of the Court of Special Appeals or an application for review in the Supreme Court of the United States of a decision of the Court of Appeals of Maryland or of the Court of Special Appeals affirming the judgment of the trial court, he may be admitted to bail in the discretion of the trial court."

We hold that the word "appeal" as used above refers to a direct appeal from a conviction and not a subsequent attack under Md. Rule 764 b 3.

In *State v. Tull*, 240 Md. 49, 212 A. 2d 729, the Court of Appeals of Maryland held that a motion for a new trial under Md. Rule 759 a on the basis of newly discovered evidence must be filed within three days after reception of the verdict and that such newly discovered evidence was not a ground for post conviction relief. Subsequent thereto the Court adopted Md. Rule 764 b 3 (formerly subsection 2) for the obvious purpose of permitting orderly presentation of meritorious claims of this nature which could have affected the result of the trial. Under the latter rule such a claim can be presented at any time within 90 days after the receipt by the trial court of a mandate issued by the Court of Appeals or this Court, affirming the judgment or dismissing the appeal. The rule specifies that "[a]fter the expiration of such period, the court shall have such revisory power and control only in the case of fraud, mistake or irregularity." Within the ninety day period and perhaps subsequent thereto in highly unusual situations, the trial court can consider a motion based on newly discovered evidence.

It is apparent to us, the remedy provided is in the nature of collateral rather than direct relief. It requires little imagination to visualize a situation in which a determined and resourceful individual could continuously present claims of newly discovered evidence and thus postpone indefinitely the time at which he would have to serve a criminal sentence. We, who have had occasion to observe closely the ingenuity displayed by persons convicted of crimes in presenting claims on post conviction, can readily attest to the fact that attributing such ingenuity to our hypothetical convicted person is not an exercise in fantasy. It seems to us eminently just that a person who has been indicted by a Grand Jury, convicted by a petit jury in a trial court of general jurisdiction, whose conviction has been affirmed by an appellate court and who has had further review denied both by the highest court of the State and the Supreme Court of the United States, should at that time begin service of his sentence. It will be observed that the instant crime was committed on February 25, 1971, that Dr. Avery was convicted on June 15, 1971 and was sentenced on August 23, 1971; now, almost two years after the conviction, he is still fighting to delay paying the penalty for his crime. If there has been error in the proceedings, there are, of course, many state and federal remedies hereafter available to correct the error as soon as it can be presented and adjudicated.

Dr. Avery argues that the Supreme Court dismissed his appeal for want of jurisdiction because the decision of the trial judge denying his motion for a new trial was not final as it had not been reviewed by Maryland appellate courts. He cites the language of that Court: "The appeal is dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for a writ of certiorari, certiorari is denied." U. S.     , 93 S. Ct. 1499, 36 L.Ed.2d 173 (1973), as support for his proposition. We do not see it that way. While we will not undertake a review of the question of when the Supreme Court can entertain an appeal

from a State court, we note that the usual way the Supreme Court reviews decisions of State courts is by the grant or denial of a writ of certiorari. We think rather that the appeal was dismissed for want of jurisdiction under federal statutes rather than the fact that the Maryland appellate courts had not ruled on one isolated issue that arose subsequent to his conviction.

Regardless of the reasoning of the Supreme Court in declining to review the conviction, we are engaged in construing Maryland statutes and Maryland rules concerning if and when a convicted person is entitled to be released on bail. As we have construed our State law, the fact that the Supreme Court dismissed the appeal and denied certiorari is the sole important consideration. No constitutional question is presented to us.

Dr. Avery also seeks solace in *Harris v. United States*, 404 U. S. 1232, 92 S. Ct. 10, 30 L.Ed.2d 25 (1971), wherein Mr. Justice Douglas, sitting as a Circuit Justice, held an applicant was entitled to bail under "The Bail Reform Act of 1966," 18 U.S.C. §§ 3146, 3148. That statute is entirely different from the Maryland law and affords no assistance in determining the problem before us. His citation of *Bigley and Fleming v. Warden*, 16 Md. App. 1, 294 A. 2d 141, is likewise of no assistance because there we were concerned with admission to bail prior to the time an accused's conviction had become final.

The case law supports our holding. In *Oberlin v. State*, 9 Md. App. 426, 435, 265 A. 2d 275, relying on *Hays and Wainwright v. State*, 240 Md. 482, 214 A. 2d 573, *Schowgurow v. State*, 240 Md. 121, 213 A. 2d 475 and *Terry v. Warden*, 243 Md. 610, 221 A. 2d 691, we held a conviction was finally adjudicated when the judgment of conviction had been rendered, the availability of direct appeal had been exhausted and the time for petitioning for certiorari to the Court of Appeals of Maryland and to the Supreme Court of the United States had elapsed. See also *Brady v. Warden*, 2 Md. App. 146, 233 A. 2d 378 and *Ramsey v. Warden*, 1 Md. App. 43, 226 A.

2d 809. In *Blackstone v. State,* 6 Md. App. 404, 251 A. 2d 255, we held the filing of a motion for a new trial under Md. Rule 764 b 3 (then numbered 764 b 2) did not preclude a judgment from becoming final thirty days after its entry. It is patent that the conviction is final when the Supreme Court has declined further review on the issues raised in the original appeal. Subsequent actions do not alter the finality of the original conviction, even though, as we have said, many state and federal remedies remain to correct injustice. We repeat our holding that the trial court's authority to grant bail is not extended by the filing of a motion for a new trial based on newly discovered evidence under Md. Rule 764.

As we indicated in the beginning of the opinion, our order to effectuate this holding was filed on May 17, 1973.