999 A.2d 1050

**STATE of Maryland**

v.

**George MATTHEWS.**

**No. 135, Sept. Term, 2009.**

Court of Appeals of Maryland.

July 27, 2010.

Jessica V. Carter. Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, of Baltimore, MD), on brief, for petitioner.

Michael T. Morley, Asst. Public Defender (Paul B. DeWolfe, Public Defender, of Baltimore, MD), on brief, for respondent.

Argued before HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, BARBERA and JOHN C. ELDRIDGE, (Retired, specially assigned), JJ.

BATTAGLIA, J.

The Respondent, George Matthews, pled guilty in the Circuit Court for Baltimore City on December 5, 2000, to murder in the second degree and use of a handgun in the commission of a felony or crime of violence. On January 11, 2001, the court imposed consecutive sentences of thirty years for murder and ten years (five without possibility of parole) for the handgun violation. In 2007, Matthews filed a *pro se* motion for new trial on the basis of newly discovered evidence, which was denied without a hearing, and Matthews appealed to the Court of Special Appeals, contending, *inter alia,* that under Maryland Rule 4–331, the Circuit Court was required to conduct a hearing before disposing of his motion. The intermediate appellate court agreed and vacated the judgment of the Circuit Court, mandating a hearing be conducted on the motion. *Matthews v. State,* 187 Md.App. 496, 979 A.2d 198 (2009). The State petitioned for certiorari, presenting two questions:

1. Did the lower court properly deny Matthews's motion for a new trial without a hearing, when the motion was not timely filed within one year of the date that the trial court imposed sentence after Matthews pled guilty?

2. Alternatively, was the failure to hold a hearing on Matthews's untimely motion for a new trial harmless error, when the court was without jurisdiction to grant the motion?

We granted certiorari to consider these questions. *State v. Matthews*, 411 Md. 599, 984 A.2d 243 (2009).

During the pendency of this case, the General Assembly enacted a statute,[1] subsequently codified at Section 8–301 of

---

**1.** *See* 2009 Md. Laws, Chap. 744. The original version of the statute, effective October 1, 2009, provided:

[Criminal Procedure Article] 8–301.
(a) A convicted person, at any time, may file a petition for writ of actual innocence in the circuit court for the county in which the conviction was imposed if the person claims that there is newly discovered evidence that:
 (1) creates a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and
 (2) could not have been discovered in time to move for a new trial under Maryland Rule 4–331.
(b) A petition filed under this section shall:
 (1) be in writing;
 (2) state in detail the grounds on which the petition is based;
 (3) describe the newly discovered evidence;
 (4) contain or be accompanied by a request for hearing if a hearing is sought; and
 (5) distinguish the newly discovered evidence claimed in the petition from any claims made in prior petitions.
(c)
 (1) Except as provided in paragraph (2) of this subsection, the court shall hold a hearing on a petition filed under this section if the petition satisfies the requirements of subsection (b) of this section and a hearing was requested.
 (2) The court may dismiss a petition without a hearing if the court finds that the petition fails to state a claim or assert grounds on which relief may be granted.
(d)
 (1) In ruling on a petition filed under this section, the court may set aside the verdict, resentence, grant a new trial, or correct the sentence, as the court considers appropriate.
 (2) The court shall state the reasons for its ruling on the record.

the Criminal Procedure Article, Maryland Code (2001, 2008 Repl.Vol., 2010 Supp.), that permits a person, under circumstances that may be applicable here, "at any time, [to] file a petition for writ of actual innocence" on the ground of newly discovered evidence. Consequently, we shall vacate the judgment of the Court of Special Appeals with instructions to vacate the judgment of the Circuit Court and to remand, so that the Circuit Court may consider Matthews's motion under the new statute.

## Facts and Proceedings

Matthews was indicted in the Circuit Court for Baltimore City for murder, robbery with a dangerous and deadly weapon, use of a handgun in the commission of a felony or crime of violence, and related charges arising from the shooting death of Kenneth Marlow Cunningham. He pled guilty to second degree murder and use of a handgun in the commission of a felony or crime of violence, and was sentenced to thirty years' imprisonment for second degree murder, and a consecutive sentence of ten years (five years without possibility of parole)

---

(e) A petitioner in a proceeding under this section has the burden of proof.

In 2010, the statute was amended to its present form by emergency measure, effective from the date of enactment, May 4, 2010. 2010 Md. Laws, Chaps. 233, 234. Section (a) was amended by striking the words "A convicted person, at any time, may file" and inserting, instead, "A person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime may, at any time, file. . . ." This change has no bearing on the present case, because Matthews satisfies the more stringent eligibility requirements set forth in the 2010 amendment to Section (a).

There were additional amendments, however. New Sections (c) and (d) were inserted, and former Sections (c), (d) and (e) were re-designated (e), (f) and (g), respectively. The effect of the new Sections was to impose notice requirements on the petitioner. Under the 2010 version, a petitioner must notify the State, and the State has an opportunity to file a response. Further, the victim or victim's representative must be notified, and has a right to attend a hearing that may be held on the petition. The other substantive change in the 2010 amendment was 2), which was amended by striking the words "fails to state a claim or assert grounds" and inserting, instead, "fails to assert grounds."

for use of a handgun in the commission of a felony or crime of violence.

In 2001 and again in 2004, Matthews filed two separate petitions under the Maryland Uniform Postconviction Procedure Act,[2] which subsequently he withdrew. Later in 2004, Matthews filed a third petition (but only his first under Section 7–103(a) of the Criminal Procedure Article, which permits only a single petition "[f]or each trial or sentence"). After a hearing, the Circuit Court denied Matthews's postconviction petition. He filed an application for leave to appeal, which the Court of Special Appeals denied.

Subsequently, Matthews filed a "Motion for Exercise of Revisory Power Over An Enrolled Judgment Citing Mistake, Irregularity in the Proceedings," contending that the Circuit Court's acceptance of his guilty plea and imposition of sentence were the result of mistake or irregularity. He claimed, as a consequence, that he was entitled to a new trial, or, in the alternative, that his sentences should be modified so as to run concurrently. After the Circuit Court denied the motion, Matthews appealed to the Court of Special Appeals, which dismissed the appeal in an unreported opinion filed on September 11, 2007, the mandate issuing on October 11, 2007.

Undeterred, Matthews then filed, *pro se,* a "Motion for Appropriate Relief/New Trial," alleging that a witness, Brian Sollers, had recanted, and providing a notarized, handwritten affidavit, dated August 11, 2003, in which Sollers claimed he "willfully and falsely gave detectives investigating a homicide misleading information ... to implicate George Mathews (sic)(Gee) in the homicide." The Circuit Court denied the motion without a hearing. Matthews, again *pro se,* appealed to the Court of Special Appeals, asserting that "at the very least," he was entitled to a hearing on his motion. The intermediate appellate court agreed and vacated the judgment of the Circuit Court, remanding for a hearing on the motion. *Matthews v. State,* 187 Md.App. 496, 979 A.2d 198.

---

**2.** Md.Code (2001), § 7–101 *et seq.* of the Criminal Procedure Article.

**Discussion**

At the time Matthews filed his motion, Maryland Rule 4–331 (2007) provided:

**Rule 4–331. Motions for new trial.**

(a) **Within ten days of verdict.** On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial.

(b) **Revisory power.** The court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial:

> (1) in the District Court, on motion filed within 90 days after its imposition of sentence if an appeal has not been perfected;

> (2) in the circuit courts, on motion filed within 90 days after its imposition of sentence.

Thereafter, the court has revisory power and control over the judgment in case of fraud, mistake, or irregularity.

(c) **Newly discovered evidence.** The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section

(a) of this Rule:

> (1) on motion filed within one year after the date the court imposed sentence *or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later;*

> (2) on motion filed at any time if a sentence of death was imposed and the newly discovered evidence, if proven, would show that the defendant is innocent of the capital crime of which the defendant was convicted or of an aggravating circumstance or other condition of eligibility for the death penalty actually found by the court or jury in imposing the death sentence;

> (3) on motion filed at any time if the motion is based on DNA identification testing or other generally accepted

scientific techniques the results of which, if proven, would show that the defendant is innocent of the crime of which the defendant was convicted.

(d) **Form of motion.** A motion filed under this Rule shall (1) be in writing, (2) state in detail the grounds upon which it is based, (3) if filed under section (c) of this Rule, describe the newly discovered evidence, and (4) contain or be accompanied by a request for hearing if a hearing is sought.

(e) **Disposition.** The court may hold a hearing on any motion filed under this Rule and *shall hold a hearing on a motion filed under section (c) if the motion satisfies the requirements of section (d) and a hearing was requested.* The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.

(Emphasis added.) In addressing Matthews's argument that he was entitled to a hearing under Section (e) of the Rule, the Court of Special Appeals considered our decision in *Jackson v. State,* 358 Md. 612, 622–23, 751 A.2d 473, 478 (2000), in which, interpreting a previous version of Rule 4–331, we had stated that "[t]he *only* basis for the court to deny a hearing is expressly provided for in the rule—a determination that the motion was filed late *and* did not comply with the requirements of § (d) of the Rule." (Emphasis added.) The intermediate appellate court interpreted that remark as a requirement "that even an untimely and procedurally compliant motion for new trial on the basis of newly discovered evidence cannot be denied without a hearing." *Matthews,* 187 Md.App. at 511, 979 A.2d at 207.

In the State's view, the Court of Special Appeals "effectively reads out of the rule the one year time limitation on a motion for new trial based on newly discovered evidence." The State argues that Section (e), which states the trial court *"shall hold a hearing on a motion filed under section (c) if the motion satisfies the requirements of section (d) and a hearing was requested,"* (emphasis added), requires a hearing *only if* the motion was filed within the time constraints of Subsection

(c)(1). In other words, according to the State, "a motion filed under section (c)," with exceptions not relevant to the case at bar, means a motion filed within one year of the imposition of sentence, or receipt by the trial court of an appellate mandate. Thus, in the State's view, because Matthews's motion was filed more than one year after his sentence was imposed, and there was no direct appeal, the trial court was not required to grant his request for a hearing under Rule 4–331(e).

The State, relying on *Campbell v. State,* 373 Md. 637, 821 A.2d 1 (2003), *Love v. State,* 95 Md.App. 420, 621 A.2d 910 (1993), and *Ware v. State,* 3 Md.App. 62, 237 A.2d 526 (1968), further contends that the Circuit Court lacked jurisdiction to consider Matthews's untimely motion. The State contrasts the instant case with *Jackson,* in which the motion was filed less than one year after sentence was imposed,[3] whereas Matthews did not file his motion until nearly six years after he was sentenced. Thus, in *Jackson,* the trial court retained jurisdiction over the motion for new trial, in spite of the fact that the defendant in that case had, in the meantime, noted an appeal that was pending at the time she filed her motion. 358 Md. at 616–20, 751 A.2d at 475–77. In any event, the State argues that an amendment to Rule 4–331(e), adopted in the wake of *Jackson* and intended to clarify its holding, trumps our interpretation of a previous version of the Rule. Finally, in light of its argument as to lack of jurisdiction in the Circuit Court to consider Matthews's motion, the State argues that even if the court erred in summarily dismissing the motion, that error was harmless beyond a reasonable doubt.

■ Matthews, through appointed counsel, counters that the General Assembly's enactment of the new statute, Section 8–301 of the Criminal Procedure Article, which permits a defendant to seek a Writ of Actual Innocence, "dramatically changes the posture of this case." He relies on *Thompson v.*

---

3. Jackson was sentenced on July 16, 1998, and filed her motion for new trial on the ground of newly discovered evidence on November 10, 1998. *Jackson v. State,* 358 Md. 612, 616–17, 751 A.2d 473, 475–76 (2000).

*State,* 411 Md. 664, 680–81, 985 A.2d 32, 41–42 (2009), which applied Section 8–201 of the Criminal Procedure Article ("DNA evidence—Postconviction review") to a then-pending case, to urge us to do likewise in the present case under Section 8–301.

Matthews cites *Simms v. State,* 409 Md. 722, 731–32, 976 A.2d 1012, 1018 (2009), to argue that we should construe his *pro se* motion liberally, and thus, "address any issues [it] fairly can be read to contain." For the same reason, according to Matthews, the Circuit Court improperly denied him a hearing on his motion. Thus, Matthews argues that we should construe his motion as a "Petition for Writ of Innocence to Obtain a New Trial Based on Newly Discovered Evidence Under [Section 8–301]," that we should affirm the judgment of the Court of Special Appeals, and finally, that we should "remand this matter to the circuit court for appointment of counsel and a hearing." [4]

■ As stated previously, during the pendency of this case, the General Assembly enacted Chapter 744 of the Maryland Laws of 2009, and, the following year, Chapters 233 and 234 of the Maryland Laws of 2010, addressing some of the issues presented. The statute, as codified in Section 8–301 of the Criminal Procedure Article, provides:

§ 8–301. Petition for writ of actual innocence.

(a) *Grounds.*—A person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime may, at any time, file a petition for writ of actual innocence in the circuit court for the county in which

---

4. Matthews contends that we may, in the alternative, construe his motion as an out-of-time motion to withdraw a guilty plea under Maryland Rule 4–242(g) (governing motions to withdraw guilty pleas), as augmented by Maryland Rule 1–204(a) (motions to shorten or extend time requirements). Although Matthews argued this point in the Court of Special Appeals, the intermediate appellate court declined to grant relief under that rationale. *Matthews v. State,* 187 Md.App. 496, 500–02, 979 A.2d 198, 201–02 (2009). Subsequently, Matthews failed to file a cross-petition for certiorari asking us to address the applicability of Rule 4–242(g), and we, therefore, shall not address this issue. Md. Rule 8–131(b).

the conviction was imposed if the person claims that there is newly discovered evidence that:

(1) creates a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and

(2) could not have been discovered in time to move for a new trial under Maryland Rule 4–331.

(b) *Requirements.*—A petition filed under this section shall:

(1) be in writing;

(2) state in detail the grounds on which the petition is based;

(3) describe the newly discovered evidence;

(4) contain or be accompanied by a request for hearing if a hearing is sought; and

(5) distinguish the newly discovered evidence claimed in the petition from any claims made in prior petitions.

(c) *Notice and response to filing.*—

(1) A petitioner shall notify the State in writing of the filing of a petition under this section.

(2) The State may file a response to the petition within 90 days after receipt of the notice required under this subsection or within the period of time that the court orders.

(d) *Notice to victim or victim's representative.*—

(1) Before a hearing is held on a petition filed under this section, the victim or victim's representative shall be notified of the hearing as provided under § 11–104 or § 11–503 of this article.

(2) A victim or victim's representative has the right to attend a hearing on a petition filed under this section as provided under § 11–102 of this article.

(e) *Hearing.*—

(1) Except as provided in paragraph (2) of this subsection, the court shall hold a hearing on a petition filed under this section if the petition satisfies the requirements of subsection (b) of this section and a hearing was requested.

(2) The court may dismiss a petition without a hearing if the court finds that the petition fails to assert grounds on which relief may be granted.

(f) *Ruling.*—

(1) In ruling on a petition filed under this section, the court may set aside the verdict, resentence, grant a new trial, or correct the sentence, as the court considers appropriate.

(2) The court shall state the reasons for its ruling on the record.

(g) *Burden of proof.*—A petitioner in a proceeding under this section has the burden of proof.

Because the newly enacted statute is both "procedural in nature" and "also a remedial statute," *Gregg v. State,* 409 Md. 698, 715, 976 A.2d 999, 1008–09 (2009), it may be applicable to the present case. *Id.* at 715, 976 A.2d at 1008 (noting that legislatively enacted procedural changes "ordinarily appl[y] to all actions whether accrued, pending or future, unless a contrary intention is expressed") (quoting *Mason v. State,* 309 Md. 215, 220, 522 A.2d 1344, 1346 (1987)); *id.* at 715, 976 A.2d at 1008 ("Legislative enactments that have remedial effect and do not impair vested rights also are given retrospective application."); *see also Thompson,* 411 Md. at 679–82, 985 A.2d at 40–42 (applying Section 8–201 of the Criminal Procedure Article to a pending case).

 In Maryland it is well-settled that, "in applying statutes, other enactments, pleadings, or legal principles, 'courts must ordinarily look beyond labels . . . and make determinations based on . . . substance.'" *In re: Nicole B.,* 410 Md. 33, 65, 976 A.2d 1039, 1058 (2009), quoting *Piven v. Comcast Corp.,* 397 Md. 278, 290, 916 A.2d 984, 991 (2007). Recently, we applied this principle to construe liberally a prisoner's *pro se* petition for DNA testing of physical evidence, and held that "given a liberal construction, the petition easily [met] the pleading requirements of § 8–201(c) [of the Criminal Procedure Article] so as to survive summary denial." *Simms,* 409 Md. at 732, 976 A.2d at 1018. As in *Simms,* in

the present case, "[i]t is appropriate to give [Matthews] the benefit of a liberal construction of the petition, particularly in light of the salutary purpose of [Section 8–301], the dearth of case law . . . concerning what a petition must contain in order to satisfy the strictures of [Section 8–301], and the lack, so far, of rules of procedure to guide the process." *Id.* at 731–32, 976 A.2d at 1018. Consequently, we shall vacate the judgment of the Court of Special Appeals, with instructions to vacate the judgment of the Circuit Court and to remand, so that the Circuit Court may consider Matthews's motion as a Petition for Writ of Actual Innocence. Whether the alleged newly discovered evidence "could not have been discovered in time to move for a new trial under Maryland Rule 4–331," Section 8–301(a)(2) of the Criminal Procedure Article, whether Matthews's motion satisfies the requirements of Section 8–301(b), whether a hearing is required under Section 8–301(e), and whether counsel should be appointed, we leave for the Circuit Court to address. In light of the fact that the 2010 amendments to the statute were enacted as an emergency measure, *see* 2010 Maryland Laws, Chapters 233 and 234, we also hold that the version of the statute applicable on remand is the version in effect as of the date the mandate issues from this Court.

Insofar as the interpretation of Maryland Rule 4–331 is concerned, however, we shall refer the matter to the Standing Committee on Rules of Practice and Procedure, which will be in a position to reexamine and clarify the Rule in light of this case and the recent statutory enactments. *Cf. Pittman v. Atlantic Realty Co.,* 359 Md. 513, 542, 754 A.2d 1030, 1045 (2000). The Court of Special Appeals has provided one possible interpretation of Rule 4–331, and we will suggest another.

The Court of Special Appeals determined that Rule 4–331(c)(1) is ambiguous because it permits a motion filed within one year after imposition of sentence or "the date it received *a mandate* issued by the Court of Appeals or the Court of Special Appeals, whichever is later," and thus, it is unclear whether Subsection (c)(1) "applies to *any* mandate," or only to a mandate issued at the conclusion of a direct appeal. *Mat-*

*thews,* 187 Md.App. at 504, 979 A.2d at 203. Nevertheless, the intermediate appellate court declined to resolve the conundrum, because it concluded "that even an untimely motion for a new trial based on newly discovered evidence may afford the movant a hearing under subsection (e) of Maryland Rule 4–331." *Id.*

Maryland Rule 4–331 superseded former Maryland Rule 770 on July 1, 1984. Former Rule 770, in turn, had replaced sections of two rules: former Maryland Rule 759 a, governing motions for new trial "in the interest of justice," and former Maryland Rule 764 b, governing motions for new trial on the ground of newly discovered evidence.[5]

In 1975, Maryland Rule 759 a provided:

A motion for new trial shall be made pursuant to Rule 567 (New Trial).[6] A motion for a new trial shall be heard by the court in which the motion is pending. The court may grant a new trial if required in the interest of justice.

At the same time, Maryland Rule 764 b provided in relevant part:

b. *Modification or Reduction—Time for.*

1. Generally.

For a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after *receipt by the*

---

**5.** Former Maryland Rule 764 ("Revisory Power of Court"), governed a trial court's revisory power over a criminal verdict and sentence. Section a of the Rule is now re-codified, without substantive change, as Maryland Rule 4–345(a) ("Illegal Sentence"). Subsection b.1 is the predecessor of Maryland Rules 4–331(b) ("Revisory Power") and, in part, 4–345 ("Sentencing"). Subsection b.2 is similar to Maryland Rule 4–345(f), governing requirements for open court hearings when a defendant moves for modification or reduction of sentence. Subsection b.3 is similar to Maryland Rule 4–331(c), governing motions for new trial on the ground of newly discovered evidence. Subsection b.4 is substantially similar to Maryland Rule 4–345(d) ("Desertion and Non-support Cases").

**6.** Former Rule 567 was the civil procedural rule governing motions for new trial. In 1975, the Rule permitted such motions within three-days after reception of a verdict, or, in a bench trial, entry of judgment. The present-day counterpart of former Rule 567 is Maryland Rule 2–533.

*court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period,* the court shall have revisory power and control over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, modify or reduce, but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity.

* * *

3. Newly Discovered Evidence.

*The court may, pursuant to a motion filed within the time set forth in subsection 1 of this section, grant a new trial or other appropriate relief on the ground of newly discovered evidence* which by due diligence could not have been discovered in time to move for a new trial under section a of Rule 759 (Motion after Verdict).

* * *

(Emphasis added.) Thus, in 1975, a trial court was authorized to grant a new trial on the ground of newly discovered evidence [7] within ninety days after the imposition of sentence, or ninety days after receipt by the trial court of a mandate issued by an appellate court "upon affirmance of the judgment or dismissal of the appeal."

The same year, the Rules Committee was reorganizing the Criminal Rules, which at that time were contained in Chapter

---

7. As previous opinions in this Court and the Court of Special Appeals have explained, a defendant moving for a new trial on the ground of newly discovered evidence must have been unable, in the exercise of due diligence, to discover the (new) evidence in time to bring an earlier motion. *See, e.g., Campbell v. State,* 373 Md. 637, 656, 821 A.2d 1, 12 (2003); *Argyrou v. State,* 349 Md. 587, 600–01 & nn. 9 & 10, 709 A.2d 1194, 1200–01 & nn. 9 & 10 (1998); *Love v. State,* 95 Md.App. 420, 429, 621 A.2d 910, 915 (1993). For brevity, when we use the short-hand "newly discovered evidence," it should always be understood that we mean "newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial" within the shorter time limit (currently ten days) of Section (a) of the Rule.

700 of the Maryland Rules. As part of that process, new draft rules were prepared, and a new Rule 759, combining all grounds for motions for new trial into a single rule, was proposed. On March 14 and 15, 1975, the Criminal Rules Subcommittee of the Standing Committee on Rules of Practice and Procedure met to discuss proposed Rule 759. The draft rule provided:

## RULE 759
## MOTION FOR NEW TRIAL

a. GENERALLY

Except as provided in Section b, upon motion by the defendant filed within three days of the entry of a verdict the court may order a new trial *if required in the interest of justice.*

b. NEWLY DISCOVERED EVIDENCE

*Within one year* after the imposition of sentence *or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or Court of Special Appeals affirming the judgment or dismissing the appeal, whichever is later, or thereafter pursuant to a motion filed within such period,* a court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Section a.

c. FORM

A motion filed pursuant to this Rule shall be in writing and shall state in detail all grounds upon which it is based.

(Emphasis added.)

The proposed Rule would have permitted a motion for new trial within one year of the imposition of sentence or within ninety days of receipt of an appellate mandate. The "mandate" section was slightly amended from then-existing Rule 764 b.3, but retained language substantially similar to the existing Rule: "affirming the judgment or dismissing the appeal, ... or thereafter pursuant to a motion filed within such period." [8] According to the minutes, at page 10:

---

**8.** The draft inserted into the Rule, for the first time, "whichever is later," language that still exists in the present version of Rule 4–331(c).

Rule 759 incorporates provisions regarding newly discovered evidence which used to be in Rule 764 and deletes provisions regarding an archaic motion in arrest of judgment.[9]

A new trial can be ordered because of newly discovered evidence within 1 year after the imposition of sentence or within 90 days *after receipt by the court of a mandate from the Court of Appeals or Court of Special Appeals. Mr. Jones*[10] *strongly urged that the length of time be extended in order to prevent any innocent person from being convicted. The Committee, however, agreed that public policy requires that a case ·must end some time and approved the Rule as drafted.*

(Emphasis added.) [11]

On December 29, 1975, the *Fifty–Third Report of the Standing Committee on Rules and Procedure*, containing the proposed Chapter 700 of the Rules, was submitted to us. By then the Rule governing motions for new trial was designated Rule 770, the draft version of which was as follows:

Rule 770.　Motion for New Trial.

a.　Generally.

Upon motion of the defendant filed within three days after a verdict, the court shall afford the defendant an opportunity to be heard and may, in the interest of justice order a new trial.

b.　Newly Discovered Evidence.

---

9. Former Maryland Rule 759 b (1975).

10. Alexander J. Jones, Esquire, a member of the Criminal Rules Subcommittee.

11. Available at http://mdcourts.gov/lawlib/collections/digital51 fcollections.html (last visited July 22, 2010). From the above link, go to "Maryland Rules Committee Materials" and go to the link "Browse Meeting Minutes (1947–)," which in turn contains links organized by year. Go to the link "1975," then go to the link "Rules Committee Meeting Minutes: March 14, 1975."

Upon motion filed *within one year* after the imposition of sentence *or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later,* a court may grant a new trial or other appropriate relief on the ground of newly discovered evidence, which, by due diligence, could not have been discovered in time to move for a new trial pursuant to section a of this Rule.

c. Form.

A motion filed pursuant to this Rule shall be in writing and shall state in detail the grounds upon which it is based.

d. Notice of Ruling.

As soon as the motion has been decided by the court, unless the decision is announced in open court, the clerk shall forthwith notify the parties of the decision.

3 Md. Reg. 8, 23 (Jan. 7, 1976) (emphasis added). We subsequently adopted the proposed Rule, effective July, 1, 1977, with some variations, most of which have no effect on this case. Rule 770 b (1978) thus provided:

b. Newly Discovered Evidence.

Upon motion filed *within 90 days* after the imposition of sentence *or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later,* a court may grant a new trial or other appropriate relief on the ground of newly discovered evidence, which, by due diligence, could not have been discovered in time to move for a new trial pursuant to section a of this Rule.

4 Md. Reg. 235, 253 (Feb. 16, 1977) (emphasis added).

The following year, we amended Rule 770 b by substituting "one year" for "90 days." Rule 770 b thereafter provided:

b. Newly Discovered Evidence.

Upon motion filed *within one year* after the imposition of sentence *or within one year after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later,* a court may grant a

new trial or other appropriate relief on the ground of newly discovered evidence, which, by due diligence, could not have been discovered in time to move for a new trial pursuant to section a of this Rule.

5 Md. Reg. 1035, 1037 (June 30, 1978) (emphasis added). This language has survived subsequent revisions and the 1984 recodification. Thus, at the time Matthews requested a hearing on his new trial motion in the present case, Maryland Rule 4–331(c)(1) (2007) provided:

(c) **Newly discovered evidence.** The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:

(1) on motion filed within one year after the date the court imposed sentence or the date it *received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later;*

(Emphasis added.)

As can be seen from comparison of Maryland Rule 4–331(c)(1) with former Rule 770 b (1979) and proposed draft Rule 770 b (1977), the "mandate" language in the rules is essentially the same. Our predecessors approved the draft Rule, but with a revision *shortening* the allowed filing period from "one year after the imposition of sentence or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later," to "90 days after the imposition of sentence or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later." The following year, when the time limit for motions for new trial on the ground of newly discovered evidence was *increased* from ninety days to one year, *the "mandate" language was left unchanged.* Our predecessors may not have intended "mandate" to include any mandate, including a mandate issued by an appellate court after disposing of a collateral action such as a postconviction action. *Cf. Campbell v. State,*

373 Md. 637, 663–64, 821 A.2d 1, 16–17 (2003) (interpreting the Rules Committee's refusal to adopt a proposal to extend the time limit for motions for new trial, and our subsequent adoption of the proposed Rule, as implying our "interest in establishing clear, outside time limits on new trial motions").

The Rule as it existed just prior to the 1977 revision was clearer in this regard. As noted previously, former Rule 764 b (1975) permitted motions for new trial on the ground of newly discovered evidence within "ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period. . . ."

An additional reason the term "mandate" could be construed as referring only to a mandate issued at the conclusion of a direct appeal is because of more recent amendments to Rule 4–331. In 1997, we amended Rule 4–331(c) to permit a motion for new trial "at any time," under specified circumstances, in capital cases. 24 Md. Reg. 649, 650–51 (Apr. 25, 1997) (amending Maryland Rule 4–331(c)(2)). In 2001, we again amended Rule 4–331(c) to permit a motion for new trial "at any time," under specified circumstances, for a defendant who alleges newly discovered DNA evidence. 28 Md. Reg. 856, 868 (May 4, 2001) (proposed rule revision); 28 Md. Reg. 2022 (Nov. 16, 2001) (adopting revision adding Subsection (c)(3) to Rule 4–331). Our decisions to remove the filing deadlines in strictly enumerated cases make sense only under the assumption that we had regarded the one year time limit otherwise required in Rule 4–331(c) as imposing a hard deadline.

Furthermore, interpreting "mandate" to include mandates issued after the conclusion of collateral actions may be inconsistent with the Maryland Uniform Postconviction Procedure Act, which has never been intended to be a substitute for a direct appeal. *See, e.g.,* Section 7–107(a) of the Criminal Procedure Article, Maryland Code (2001, 2008 Repl.Vol.)

■

("The remedy provided under this title is not a substitute for and does not affect any remedy that is incident to the proceedings in the trial court or any remedy of direct review of the sentence or conviction."); *Kelly v. Warden,* 243 Md. 717, 718, 222 A.2d 835, 836 (1966) (per curiam) ("The Post Conviction Procedure ... is not a substitute for an appeal or a means of obtaining a belated appeal."). In 1977, the Maryland Uniform Postconviction Procedure Act permitted an action to be filed "at any time." Maryland Code (1957, 1976 Repl.Vol.), Article 27, Section 645A(e). Moreover, unlike the present statute, in the mid–1970's there was no limit to the number of postconviction actions a defendant could file. *Compare id.* ("A petition for relief under this subtitle may be filed at any time[.]") *with* Section 7–103(a) of the Criminal Procedure Article ("For each trial or sentence, a person may file only one petition for relief under this title.").[12] Thus, if the "mandate" language were interpreted to include *"any* mandate," then a motion for new trial could be filed "at any time" within one year of an appellate court's mandate disposing of a postconviction action, which in 1977 could be filed over and over again.[13]

---

12. The Maryland Uniform Postconviction Procedure Act was amended in 1986 to limit a petitioner to two postconviction petitions for each "trial." 1986 Md. Laws, Chap. 647. The bill file for Senate Bill 36, which provided for the amendment, is sparse. The file contains a handwritten note on a draft copy of the bill, entitled "Problem," and listing "1# of filed" and "2 ... length of time before courts ... filing." Immediately below the "problems," the note mentions "10 years later." Subsequently, in the context of an initiative to streamline appeals in capital cases, the General Assembly amended the Maryland Uniform Postconviction Procedure Act to impose a ten year time limit on filing a petition in a non-capital case, and reduced the allowed number of petitions per trial from two to one in all cases. 1995 Md. Laws, Chaps. 110 and 258.

13. In *Avery v. State,* 17 Md.App. 686, 304 A.2d 856 (1973), the Court of Special Appeals considered a similar dilatory tactic by a defendant attempting to stay execution of his sentence, even after he had exhausted his direct appeals. The intermediate appellate court remarked that:

It requires little imagination to visualize a situation in which a determined and resourceful individual could continuously present claims of newly discovered evidence and thus postpone indefinitely the time at which he would have to serve a criminal sentence. We, who have had occasion to observe closely the ingenuity displayed by

The Rules Committee, in addressing the interpretive conundrum, will of necessity explore our opinion in *Ruby v. State,* 353 Md. 100, 724 A.2d 673 (1999). Ruby had been convicted in a jury trial of driving on a suspended license and knowingly giving false accident report information to the police. After the Court of Special Appeals affirmed his convictions in an unreported opinion, he filed a motion for new trial on the ground of newly discovered evidence. The circuit court denied the motion after a hearing in which Ruby appeared *pro se.* Ruby appealed the denial of his motion for new trial to the Court of Special Appeals, which vacated and remanded, holding that the circuit court had failed to inquire properly as to Ruby's waiver of counsel. On remand, the circuit court held a hearing on Ruby's motion for new trial, but held its decision *sub curia.*

The following day, the court again denied the motion for new trial, but the clerk apparently neglected to mail notice of the decision to the parties. Ruby discovered the clerk's error after the time limit for noting an appeal had expired. He ultimately filed a petition for writ of error coram nobis, requesting the court grant him a belated appeal of the denial of his motion for new trial. Pursuant to the filing of the petition, the court assigned a new, civil case number, and treated the petition as a civil matter. *Id.* at 104, 724 A.2d at 675. The court issued the writ and granted a belated appeal. The State did not appeal from the grant of the writ. *Id.*

When the (civil) case reached the Court of Special Appeals, the intermediate appellate court granted the State's motion to dismiss the appeal, on the ground that it lacked jurisdiction.

persons convicted of crimes in presenting claims on post conviction, can readily attest to the fact that attributing such ingenuity to our hypothetical convicted person is not an exercise in fantasy. It seems to us eminently just that a person who has been indicted by a Grand Jury, convicted by a petit jury in a trial court of general jurisdiction, whose conviction has been affirmed by an appellate court and who has had further review denied both by the highest court of the State and the Supreme Court of the United States, should at that time begin service of his sentence.

*Id.* at 691, 304 A.2d at 858 (emphasis added).

We granted certiorari and vacated the judgment, because the Court of Special Appeals had "considered and decided the wrong case." *Id.* We explained the distinction between collateral attacks on criminal judgments and the underlying criminal case. "A collateral challenge [which includes, *inter alia,* postconviction actions, habeas corpus, and coram nobis], by its very nature, is a *separate and distinct civil procedure* by which a defendant may challenge his or her conviction, sentence, or imprisonment." *Id.* at 107, 724 A.2d at 677 (emphasis added).

Another possible ambiguity in Maryland Rule 4–331 is whether Section (e) requires a circuit court to hold a hearing to consider all motions for new trial alleging newly discovered evidence, even if filed more than one year after imposition of sentence or receipt by the trial court of a mandate from an appellate court. In *Jackson,* 358 Md. 612, 751 A.2d 473, we interpreted an earlier version of Maryland Rule 4–331 (1998), which provided in pertinent part:

(c) *Newly discovered evidence.* The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:

(1) in the District Court, on motion filed within one year after its imposition of sentence if an appeal has not been perfected;

(2) in a circuit court, on motion filed within one year after its imposition of sentence or the date it receives a *mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later,* except that if a sentence of death was imposed, the motion may be filed at any time if the newly discovered evidence, if proven, would show that the defendant is innocent of the capital crime of which the defendant was convicted or of an aggravating circumstance or other condition of eligibility for the death penalty actually found by the court or jury in imposing the death sentence.

(d) *Form of motion.* A motion filed under this Rule shall be in writing and shall state in detail the grounds upon which it is based. If the defendant was sentenced to death and the motion is filed more than one year after the circuit court receives *the mandate issued by the Court of Appeals,* the motion shall be under oath and shall state in detail the newly discovered evidence required by subsection (c)(2) of this Rule.

(e) *Disposition.* The court shall afford the defendant or counsel and the State's Attorney an opportunity for a hearing on a motion filed under this Rule, *except that if the motion is filed more than one year after the circuit court receives the mandate issued by the Court of Appeals,* a hearing need not be held unless the motion satisfies the requirements of section (d) of this Rule. The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.

(Emphasis added.) We held that, "in the absence of a waiver by both sides, the court must conduct a hearing before acting on" a motion filed under Rule 4–331. *Jackson,* 358 Md. at 624, 751 A.2d at 479. Timeliness of the motion was not an issue.[14] *Id.* at 616–17, 751 A.2d at 475–76.

The Rule we analyzed in *Jackson* specifically contemplated motions filed "more than one year after the circuit court receives the mandate issued by the Court of Appeals," [15] and

---

14. Perhaps it would be more precise to say that the timeliness issue we considered in *Jackson* was whether an otherwise timely motion was placed beyond the circuit court's jurisdiction by filing a notice of appeal. 358 Md. at 619–20, 751 A.2d at 477. There was no question, however, that Jackson's motion was filed less than one year after her sentence was imposed.

15. Motions for new trial on the ground of newly discovered evidence filed more than one year after issuance of an appellate mandate were permitted in Rule 4–331(c)(2) in capital cases. A subsequent amendment adopted in 2001 also permits motions without time limit in case the movant presents newly discovered DNA evidence.

furthermore, in such case, permitted the circuit court to deny a hearing "unless the motion satisfies the requirements of section (d)." The Court of Special Appeals, however, looked at the language in *Jackson*, which stated, in the conjunctive, that the *only* basis to deny a hearing on a motion for new trial was that it be filed late *and* failed to satisfy Section (d), and applied it to a context different than the one we considered in that case, to conclude that the 2007 version of the Rule required a hearing even in case of untimely motions, so long as they satisfied Section (d). Again, however, the history of the Rule may support a different interpretation.

On February 9, 2001, the Standing Committee on Rules of Practice and Procedure met to consider revisions to Rule 4–331(e). There were two principal reasons to amend the Rule: to permit, for the first time, motions for new trial without time limit in cases where the defendant alleged newly discovered DNA evidence; and to clarify the Rule in light of our holding in *Jackson*. Minutes of the Standing Committee on Rules of Practice and Procedure, Feb. 9, 2001, at 70. Ultimately, the results of those deliberations were presented to us in the *One Hundred Forty–Ninth Report of the Standing Committee on Rules of Practice and Procedure*. 28 Md. Reg. 857 (May 4, 2001).

At the open meeting on October 9, 2001 where we considered the proposed changes, the Committee Chairman, Judge Joseph F. Murphy, Jr.,[16] addressed us as follows:

We proposed in Rule 4–331 an amendment that's based on scientific developments, DNA being the most obvious one. . . . *If a sentence of death was imposed, . . . the motion can be filed at any time, and we would also propose that regardless of the kind of case, the motion can be filed at any time if the evidence of a scientific process would show that the defendant is innocent of the crime.* . . . The other proposed change to [4–331](e) would *require that there be a hearing where the motion comes in asserting the innocence*

---

16. At the time, Judge Murphy was Chief Judge of the Court of Special Appeals.

*claim based on the scientific evidence and give the court the discretion to hold a hearing on any other motion filed.* (Emphasis added.) By a Rules Order filed November 1, 2001, we adopted the proposed Rule 4–331 as published in the May 4, 2001 *Maryland Register,* *i.e.,* as proposed by the Rules Committee. 28 Md. Reg.2022 (Nov. 16, 2001). The amended Rule [17] provided in pertinent part:

(e) **Disposition.** The court ~~shall afford the defendant or counsel and the State's Attorney an opportunity for~~ may hold a hearing on any motion filed under this Rule and shall hold a hearing on a motion filed under section (c) if the motion satisfies the requirements of section (d) and ~~this Rule~~ a hearing was requested, ~~except that if the motion is filed more than one year after the circuit court receives the mandate issued by the Court of Appeals, a hearing need not be held unless the motion satisfies the requirements of section (d) of this Rule.~~ The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.

The Rule as adopted on November 1, 2001 remained in effect in 2007 when, in the present case, Matthews's motion was dismissed in the Circuit Court.

In the view of the Court of Special Appeals, the Rule as interpreted by *Jackson* required a hearing for any motion for new trial alleging newly discovered evidence, so long as the motion met the requirements of Section (d). *Matthews,* 187 Md.App. at 505, 979 A.2d at 204. From this premise, the intermediate appellate court traced the subsequent revisions to the Rule we have outlined, and arrived at the conclusion that its reading of *Jackson* survived those revisions. *Id.* at 510–11, 979 A.2d at 206–07.

As noted previously, *Jackson,* however, addressed a situation where a defendant had filed a motion for new trial on the

---

17. We shall indicate new language by underlining, and deletions by strikethrough.

ground of newly discovered evidence four months after the imposition of sentence. The questions we addressed in *Jackson* were whether the trial court retained jurisdiction over the motion in light of Jackson's intervening filing of an appeal, and whether the trial court erred in dismissing her motion without a hearing. We held that the trial court retained jurisdiction over the motion so long as it did not exercise its jurisdiction "in a manner that affects either the subject matter of the appeal or the appellate proceeding itself—that, in effect, precludes or hampers the appellate court from acting on the matter before it." *Jackson*, 358 Md. at 620, 751 A.2d at 477. We further held that the trial court erred in dismissing the motion without a hearing. *Id.* at 622–23, 751 A.2d at 478.

It was in the context, then, of a motion for new trial filed four months after imposition of sentence, and where the circuit court had dismissed the defendant's motion without a hearing, that we said, "The only basis for the court to deny a hearing is expressly provided for in the rule—a determination that the motion was filed late and did not comply with the requirements of § (d) of the Rule." *Id.* As noted previously, at the time of *Jackson*, Rule 4–331(e) addressed motions "filed more than one year after the circuit court receives the mandate issued by the Court of Appeals." Subsection (c)(2) of the Rule, however, specifically permitted a motion for new trial on the ground of newly discovered evidence in a capital case "at any time." Section (e) of the 1998 Rule, then, may only have been in reference to motions filed in capital cases as provided in Subsection (c)(2), especially in light of the reference in Section (e) to "the mandate issued by the Court of Appeals." As we have seen, other versions of similar rules, as well as Subsection (c)(2) of the 1998 Rule, refer to "a mandate issued by the Court of Appeals *or the Court of Special Appeals.*" (Emphasis added.)

In conclusion, we hold that Matthews's motion may be treated on remand as a Petition for Writ of Actual Innocence under Section 8–301 of the Criminal Procedure Article. We apply the statute to the pending case because it is both procedural and remedial. In light of our holding, the extend-

ed analysis we have provided about Maryland Rule 4–331 is, of course, but dictum, given to provide conundrumical context for the Rules Committee when it considers revisions to the Rule in light of the newly enacted statute.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AND REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE RESULT.**

Judge HARRELL joins in the judgment only.